UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TERRI MCGUIRE-MOLLICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 7:20-cv-01768-RDP-SGC |
| | ) |
| **FEDERAL BUREAU OF PRISONS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff, an inmate at the Federal Correctional Institution in Aliceville, Alabama ("FCI-Aliceville"), has filed a *pro se* complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1988, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, alleging violations of rights under the Constitution or laws of the United States.  (Doc. 1).

Plaintiff was diagnosed with an 8 cm uterine cyst in 2016, and an outside gynecologist, Dr. Cox, recommended laparoscopic removal of the cyst, which by May 2017 had grown to 11 cm. (*Id*. at 5-6).  Defendants refused the recommended treatment and chose only to monitor the exponential growth of the tumor via ultrasound.  (*Id*. at 5-6).

Another outside gynecologist, Dr. Autery, recommended a hysterectomy to address the tumor, which by July 2020 had grown to 15 pounds.  (*Id*. at 6-7).  As a result of the delay in treatment, the tumor has caused Plaintiff chronic anemia, uncontrolled bleeding, and growths on her cervix and ovaries, and has pushed transabdominal mesh through the walls of Plaintiff's abdomen and pelvis.  (*Id*. at 6-7).

Plaintiff asserts Defendants deleted from her medical record five pages of Dr. Cox's report and ten pages of Dr. Autery's report.  (*Id*. at 8-9).  Although Dr. Autery mailed his report directly

to Plaintiff at FCI-Aliceville per her request, Plaintiff never received it.  (*Id*. at 9).  Plaintiff demands monetary damages as relief.  (*Id*. at 13).

On January 15, 2021, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.  (Doc. 5).  She seeks a court order directing Defendants not to 1) coerce her into receiving medical treatment for the tumor, 2) file any medical records without verification from a non-BOP third-party source, or 3) move her to another federal correctional institution.  (*Id*. at 2).  Plaintiff also requests that the court order Defendants to allow her access to the law library for one hour, Monday through Friday, and instruct FCI-Aliceville to deliver her incoming mail.  (*Id*.).

A plaintiff requesting preliminary injunctive relief must satisfy a four-factor test established by the Eleventh Circuit, which requires a party to show "(1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue."  *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983).

"Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion."  *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (quoting *Texas v. Seatrain Int'l*, 518 F.2d 175, 179 (5th Cir. 1975)).  That burden applies to "all four preliminary injunction factors[.]"  *Nnadi v. Richter*, 976 F.2d 682, 690 (11th Cir. 1992) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

At this point, Plaintiff has not established that there is a substantial likelihood she will prevail on the merits of any of her claims.  Nor has Plaintiff established she will suffer any real or

immediate threat of irreparable injury if the relief she requests is not granted. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury."). Plaintiff has failed to demonstrate the threatened harm to her outweighs the damage the proposed injunction poses to Defendants or that the injunction would not be adverse to the public interest, particularly when it is well-established that prison administrators are "accorded wide-ranging deference in" addressing "the day-to-day operation of a corrections facility." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Finally, an injunction should not be granted where the issue in question is "not of the same character, and deals with [matters] lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997). Much of the relief sought in the motion for a temporary restraining order and preliminary injunctive relief has no direct bearing on the issues presented or the relief sought in Plaintiff's complaint and, therefore, is not properly before the court.

Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** this February 10, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE