FILED

2022 Jun-03  PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| TERRI MCGUIRE-MOLLICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-01768-RDP-SGC |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The plaintiff, Terri McGuire-Mollica, has filed a *pro se* complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680, alleging violations of her rights under the Constitution or laws of the United States. (Doc. 1). Ms. McGuire-Mollica names the following defendants in the complaint: the Federal Bureau of Prisons, the United States of America, Patricia V. Bradley, Chad Garrett, Administrator Shoulders, Case Manager Medley, and unidentified mail room staff and medical/healthcare staff at Federal Correctional Institution Aliceville ("FCI-Aliceville"). (Doc. 1 at 1). Ms. McGuire-Mollica seeks money damages for the defendants' alleged negligence and deliberate indifference to her serious medical needs because (1) she was not properly treated for a uterine cyst, and (2) the defendants failed to follow CDC guidelines to mitigate the spread of COVID-19 at

FCI-Aliceville. She also asserts FCI-Aliceville staff denied her access to her legal mail, thus denying her access to the courts and preventing her from receiving a copy of her medical records. (Doc. 1).

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint is before the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons explained below, the undersigned recommends all Ms. McGuire-Mollica's claims be dismissed pursuant to § 1915A(b)(1) for failure to state a claim upon which relief can be granted, except for her Eighth Amendment claim, which must be amended to identify a proper defendant.

## I. Standard of Review

Because Ms. McGuire-Mollica is proceeding *in forma pauperis*, the Prison Litigation Reform Act ("PLRA") requires this court to screen her complaint under 28 U.S.C. § 1915A. The court must dismiss the complaint, in whole or in part, if it is frivolous or malicious, seeks monetary damages from a defendant immune from monetary relief, or does not state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b).

A claim is considered "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim is frivolous as a matter of law if the defendants are immune from suit or the plaintiff is

seeking to enforce a legal right that does not exist. *Id*. at 327.

The legal standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) also determines whether a complaint states a valid claim under 28 U.S.C. § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and a complaint should be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, the court should dismiss a claim when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), but it still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

Ms. McGuire-Mollica was incarcerated at FCI-Aliceville when the alleged events of this action occurred. (Doc. 1 at 2). She was diagnosed with an 8 cm uterine cyst in October 2016. (Doc. 1 at 5). In May 2017, Dr. Cox, an outside gynecologist, recommended laparoscopic removal of the cyst, which had grown to 11 cm. (Doc. 1 at 5-6). The cyst was not removed but instead was periodically monitored via ultrasound. (Doc. 1 at 5-6).

By July 2020, the cyst had grown to 15 pounds, and another outside gynecologist, Dr. Autery, recommended a hysterectomy. (Doc. 1 at 6-7). Because of the delay in treatment, the cyst has caused Ms. McGuire-Mollica chronic anemia, uncontrolled bleeding, and growths on her cervix and ovaries and has pushed transabdominal mesh through the walls of her abdomen and pelvis. (Doc. 1 at 6-7). Ms. McGuire-Mollica also declares the defendants deleted from her medical record five pages of Dr. Cox's report and 10 pages of Dr. Autery's report. (Doc. 1 at 8-9). Although Dr. Autery mailed his report directly to Ms. McGuire-Mollica at FCI-Aliceville per her request, she never received it. (Doc. 1 at 9).

Ms. McGuire-Mollica also claims Wardens Bradley and Garrett permitted officers and staff at FCI-Aliceville to circumvent CDC guidelines, the BOP's comprehensive plan, and Alabama's mandatory mask order in deliberate indifference to the COVID-19 pandemic. (Doc. 1 at 10). Ms. McGuire-Mollica

identifies FCI-Aliceville officers and staff who repeatedly entered the housing units without wearing a mask. (Doc. 1 at 10). She further complains several inmates were taken on visits to outside medical providers and returned to the housing units without screening or quarantine. (Doc. 1 at 10). Additionally, she asserts that insufficient cleaning supplies and personal protective equipment ("PPE") were provided to FCI-Aliceville inmates. (Doc. 1 at 10). Ms. McGuire-Mollica does not claim she contracted COVID-19 or suffered some other physical injury because of the alleged failure to follow COVID-19 protocols.

In addition, Ms. McGuire-Mollica contends the mailroom staff at FCI-Aliceville "has been tampering with inmate mail since May 2020" and, as of November 2020, was "at least 3 weeks behind in handing out mail." (Doc. 1 at 9). She identifies many documents sent to her by her family and the Eleventh Circuit that she has not received, as well as documents she sent to both this court and the Eleventh Circuit that were not received. (Doc.1 at 47).

### III. Analysis

#### A. Improper defendants

Ms. McGuire-Mollica names several defendants that should not have been included in this action. The following defendants should be dismissed for failure to state a claim upon which relief can be granted.

### 1. The Federal Bureau of Prisons

Ms. McGuire-Mollica has named the Federal Bureau of Prisons ("BOP") as a defendant. Neither a *Bivens* action nor an FTCA action can be brought against a federal agency such as the BOP. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* liability to federal agencies); *Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) (noting the United States is the only proper defendant in an FTCA action). Accordingly, the BOP is not a proper defendant, and Ms. McGuire-Mollica's claims against it should be dismissed for failure to state a claim upon which relief can be granted.

### 2. Administrator Shoulders

Ms. McGuire-Mollica has not alleged any wrongful conduct concerning Administrator Shoulders. Accordingly, Shoulders should be dismissed as a defendant in this action based upon the plaintiff's failure to state a claim upon which relief can be granted.

### 3. Case Manager Medley

Like her claims against Administrator Shoulders, Ms. McGuire-Mollica has not asserted any wrongful conduct concerning Case Manager Medley. Accordingly, Medley should be dismissed as a defendant in this action for the plaintiff's failure to state a claim upon which relief can be granted.

### 4. Fictitious defendants

Ms. McGuire-Mollica named as defendants "Mail Room Staff John/Jane Doe" and "Medical and Healthcare Staff John/Jane Doe"; however, as a general rule, a plaintiff may not proceed against fictitious defendants in federal court. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094, n.1 (11th Cir. 1997); *CSX Transp., Inc. v. United Transp. Union*, 236 F. App'x 562, n.1 (11th Cir. 2007). An exception to this rule exists where the description of the defendants is "so specific as to be 'at the very worst, surplusage.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).

As discussed below, the undersigned recommends Ms. McGuire-Mollica be given an opportunity to amend her complaint to identify the specific medical/healthcare individuals she claims demonstrated deliberate indifference to her medical needs. Because her claims regarding the alleged mail issues fail on other grounds, the undersigned recommends "Mail Room Staff John/Jane Doe" be dismissed for failure to state a claim upon which relief can be granted.

### B. FTCA

Ms. McGuire-Mollica has brought a claim under the Federal Torts Claim Act. (Doc. 1 at 1). The only proper defendant in a claim under the FTCA is the United States. *See Simpson,* 184 F. App'x at 908.

Sovereign immunity generally shields the federal government from claims

7

asserted against it, but the FTCA is "a specific, congressional exception to the United States' sovereign immunity for tort claims." *Turner ex rel. Turner v. U.S.,* 514 F.3d 1194, 1200 (11th Cir. 2008) (internal citations and quotation marks omitted). This waiver is "scrupulously observed, and not expanded, by the courts." *Id.*

The FTCA prohibits the filing of a lawsuit against the United States for money damages unless the plaintiff has first exhausted her administrative remedies. *See* 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 107 (1993). If a plaintiff does not exhaust her administrative remedies, the district court lacks jurisdiction over her case. *See Turner*, 514 F.3d at 1200. Relevant to this action, tort claims against the United States must be filed with the appropriate agency "within two years after such claim accrues" and in federal court "within six months after" the agency's final decision on the claim. 28 U.S.C. § 2401(b). If the relevant agency does not make a final disposition of the claim within six months of its filing, it may be deemed a final denial. *See* 28 U.S.C. § 2675(a).

Here, Ms. McGuire-Mollica filed her administrative claim with the BOP on July 28, 2020, and she filed her complaint with this court less than four months later on November 9, 2020. (Doc. 1 at 44-45). She admits she had not received a denial from the BOP as of the date she filed her complaint. (Doc. 1 at 12). Because she had not received a denial from the BOP and because less than six months elapsed before she filed her complaint, her FTCA claim was filed too early. *See O'Brien v. United*

*States*, 137 F. App'x 295, 300–01 (11th Cir. 2005). Accordingly, Ms. McGuire-Mollica's FTCA claim is due to be dismissed without prejudice.[1]

**C. Access to courts**

Ms. McGuire-Mollica contends the mailroom staff at FCI-Aliceville has tampered with inmates' mail and delayed its distribution. She claims the denial of access to her legal mail in turn violates her right to access the courts.

Inmates have "a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). The precise source of this right currently is unsettled. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). However, the Eleventh Circuit has stated the right is "grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher*, 536 U.S. at 415 n.12)). To prevail on a claim for violation of the right to access the courts, an inmate must establish

---

[1] The plaintiff may consider refiling her FTCA claim. The time requirements of the FTCA are ""non-jurisdictional and subject to equitable tolling." *Tucker v. United States*, 724 F. App'x 754, 757 (11th Cir. 2018) (citing *United States v. Wong*, 575 U.S. 402, 420 (2015)). "'Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond her control and unavoidable even with diligence.'" *Id. (*quoting *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017).

prejudice—that "[her] efforts to pursue a legal claim" were "hindered." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Eleventh Circuit has explained:

> With respect to access-to-court claims, *Lewis* clarifies that a plaintiff first must show actual injury before seeking relief under *Bounds*. *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir. 1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a *nonfrivolous*, post-conviction claim or civil rights action. *See id.* at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *See id.* at 1446.

*Wilson v. Blankenship*, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (emphasis added).

There are two problems with Ms. McGuire-Mollica's access-to-courts claim. First, she has not pled an actual injury, and a review of the relevant dockets reveals no injury occurred.[2] Ms. McGuire-Mollica identifies six pieces of disputed mail involving the courts. Four pieces of mail involve her appeal to the Eleventh Circuit in case No. 20-11452-F. That docket reflects her appeal was dismissed in July 2020 because she had neither paid the filing fee nor requested leave to proceed *in forma*

---

[2] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009). In addition, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53–54 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.1999)). Public records, including court records, are among the permissible facts that a district court may consider. *See id.* (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.")). In *Universal Express*, the Eleventh Circuit held that the district court could consider a complaint filed in the Southern District of New York on a motion to dismiss without converting it to one for summary judgment or providing notice under Federal Rule of Civil Procedure 56(c). *See id.*

*pauperis*; however, as she admits in her complaint, her appeal was reinstated on September 16, 2020, and all four pieces of mail involving her appeal predate this reinstatement. Once her appeal was reinstated, Ms. McGuire-Mollica sought to proceed *in forma pauperis*, but the Eleventh Circuit denied that motion on November 9, 2020, because she failed to present a non-frivolous issue on appeal. Her appeal was ultimately dismissed because she did not pay the required fees.

Because her appeal was first reinstated, the alleged mail issues did not ultimately impede her access to the courts. Moreover, because the Eleventh Circuit determined she failed to present a nonfrivolous issue on appeal, she cannot show an injury under *Wilson*, which requires her to demonstrate she was prevented from pursuing a nonfrivolous claim. 163 F.3d at 1291. Thus, this claim should be dismissed for failure to state a claim upon which relief can be granted.

Ms. McGuire-Mollica also references two pieces of mail involving this district court, both identified as "Form 2241." The court interprets this as involving her § 2241 habeas action, *McGuire-Mollica v. Bradley*, 7:20-cv-01672-RDP-SGC. That case was filed on October 23, 2020, and remains pending. Therefore, she has not pled and cannot show any deterrence, "such as a denial or dismissal of a . . . habeas petition . . ." resulting from the alleged actions of the mailroom staff at FCI-Aliceville. *See Wilson*, 163 F.3d at 1291.

Second, Ms. McGuire-Mollica has not identified any individuals she claims personally "tampered with" or "destroy[ed]" her filings in an effort to violate her right to access the courts. (Doc. 1 at 12, 32). Vague, general, or conclusory allegations are insufficient to merit relief under 42 U.S.C. § 1983. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something" more than a "statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (citation omitted). Even under notice pleading standards, a complaint must state a claim sufficient to show the plaintiff is entitled to relief. *Fullman*, 739 F.2d at 556 ("It is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.").

Because Ms. McGuire-Mollica has not alleged facts to show any individual personally tampered with or destroyed her mail, her claims for violating her right to access the courts fail. Accordingly, Ms. McGuire-Mollica's access-to courts claim should be dismissed for failure to state a claim upon which relief can be granted.

### D. Medical records

Ms. McGuire-Mollica claims she requested but never received her medical records. To the extent this claim can be construed as arising under the Due Process Clause of the Fourteenth Amendment, she is not entitled to relief. While inmates have a well-established constitutional right of access to adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976), they do not have a constitutionally protected right to review or access their medical records. *Foster v. S. Health Partners*, No. 2:17-CV-835-WHA, 2021 WL 1233467, at *23 (M.D. Ala. Mar. 5, 2021), *report and recommendation adopted,* No. 2:17-CV-835-WHA, 2021 WL 1234514 (M.D. Ala. Apr. 1, 2021) (citing many cases supporting the holding that inmates do not have a general constitutional right to access their medical records). Accordingly, Ms. McGuire-Mollica has failed to state a claim upon which relief can be granted.

### E. Deliberate indifference—COVID-19

Ms. McGuire-Mollica asserts Wardens Bradley and Garrett did not require officers and staff at FCI-Aliceville to adhere to the relevant COVID-19 mitigation protocols. (Doc. 1 at 10). She claims because she is at higher risk for contracting COVID-19, this constitutes a deliberate indifference to her health in violation of the Eighth Amendment. (Doc. 1 at 2).

Ms. McGuire-Mollica does not contend she contracted COVID-19 or suffered

any other physical injuries because of Wardens Bradley and Garrett's purported actions. The PLRA does not permit the recovery of compensatory or punitive damages unless the plaintiff demonstrates she suffered a physical injury. *See* 42 U.S.C. § 1997e(e). "To satisfy § 1997e(e), a prisoner must allege physical injury that is more than de minimis, but the injury need not be significant." *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 (11th Cir. 2014) (citing *Harris v. Garner*, 190 F.3d 1279, 1282, 1286–87 (11th Cir. 1999)). While Ms. McGuire-Mollica could have pursued injunctive relief in the absence of a physical injury, her complaint does not include such a request.

In addition, Ms. McGuire-Mollica was transferred to another facility in August 2021. (Doc. 10). Even if she had requested injunctive relief, unless there has been a class certification, "an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). The general rule in the Eleventh Circuit "is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563

U.S. 277 (2011); *see Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (following plaintiff's transfer to another facility, "his claims for injunctive and declaratory relief relating to the conditions of his administrative segregation . . . no longer presented a case or controversy").

Because she has not alleged any physical injury because of Wardens Bradley and Garrett's alleged deliberate indifference to the COVID-19 pandemic, Ms. McGuire-Mollica has failed to state a claim upon which relief can be granted. In addition, to the extent plaintiff's complaint could be interpreted as seeking injunctive relief regarding COVID-19 protocols at FCI-Aliceville, those claims are moot because she has been transferred to another facility.

### F. Deliberate indifference—ovarian cyst

To establish an Eighth Amendment deliberate-indifference claim, Ms. McGuire-Mollica must make both an objective and a subjective showing. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective component, she must demonstrate "a substantial risk of serious harm." *See id.* Under the subjective component, she must demonstrate the defendant's deliberate indifference to the risk by showing: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *See Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016) (quotation omitted).

Here, Ms. McGuire-Mollica alleges "[t]he staff at Aliceville" is aware of her

medical needs, and thus a risk to her, by virtue of her medical records and Dr. Griffin's diagnosis of her condition. She further claims the staff disregarded her medical needs by ignoring the recommended treatment and this conduct amounts to more than negligence because the staff falsified many medical records to state Ms. McGuire-Mollica declined treatment.

Ms. McGuire-Mollica did not identify a specific individual or individuals she asserts deliberately disregarded her medical needs. This claim must be brought against the individuals at FCI-Aliceville who she contends violated her constitutional rights. *See Bivens*, 403 U.S. 388 (holding federal officials may be sued in their individual capacities for violations of a person's constitutional rights). If Ms. McGuire-Mollica amends her complaint to name those individuals she claims demonstrated a deliberate indifference to her medical needs, she might state a claim for relief against those defendants. Accordingly, the undersigned recommends the court allow Ms. McGuire-Mollica **fourteen (14) days** from the entry date of this report and recommendation to amend her complaint to set forth specific factual allegations against the individual physicians and/or medical staff relating only to her claim of deliberate indifference to medical needs claim. She should state clearly how these identified individuals violated her constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. She must clearly set forth the facts concerning any incident about which she complains. Conclusory and

general assertions are not sufficient to state a claim for relief. *See Fullman*, 739 F.2d at 556–57.

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** the court **DISMISS WITHOUT PREJUDICE** all claims and defendants in this action pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, except Ms. McGuire-Mollica's Eighth Amendment claim relating to her ovarian cyst. In addition, the undersigned **RECOMMENDS** the court allow Ms. McGuire-Mollica fourteen (14) days from the entry date of this report and recommendation to amend her complaint to identify the individuals who she contends demonstrated deliberate indifference to her medical needs. Assuming Ms. McGuire-Mollica properly amends her complaint, the undersigned **FURTHER RECOMMENDS** the court **REFER** her Eighth Amendment deliberate indifference claim to the undersigned for further proceedings.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has

not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

**DONE** this 3rd day of June, 2022.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE