TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

---

FROM: 31860001
TO:
SUBJECT: Objections
DATE: 07/01/2022 05:22:30 PM

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

TERRI MCGUIRE-MOLLICA,
Plaintiff

v.                                                  Case No. 7:20-cv-01768-RDP-SGC

FEDERAL BUREAU OF PRISONS, et al
Defendant

---

PLAINTIFF'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION

---

COMES NOW, Terri McGuire-Mollica, pro se plaintiff, unskilled and unschooled in the law, responding to the Magistrate Judge's Report and Recommendation for the above styled case.

Plaintiff OBJECTS to the recommendation that the Federal Tort Claims Act ("FTCA") claim (see Doc 13-1 @ pg. 9 - 10), be dismissed due to "non-exhaustion of administrative remedies."

Plaintiff filed the FTCA Form with the Southeast Region's Office of the Federal Bureau of Prisons ("FBoP"), located in Atlanta, GA, on 7/28/2020. Plaintiff also provided the United States Post Office's tracking number for the form, showing that the form was delivered in 08/2020.

As of this date, almost 24 months after the form was delivered, Plaintiff has never received a reply. According to Title 28 USC section 2675(a), the FBoP has 6 months to reply to the FTCA claim form. No reply is deemed a DENIAL.

Since almost 24 months have passed, the administrative requirements of Title 28 USC section 2675(a) have been meet.

As such, Plaintiff respectfully objects to the dismissal of the Tort claim.

Respectfully submitted, this the 1st day of July 2022.

*Terri McGuire Mollica*

Terri McGuire-Mollica
Reg No. 31860-001
c/o FPC Marianna
P.O. Box 7006
Marianna, FL 32447-7006

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

1/9

---

FROM: 31860001
TO:
SUBJECT: Amended Complaint
DATE: 07/01/2022 05:46:32 PM

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

TERRI MCGUIRE-MOLLICA,
    Plaintiff

v.

Case No. 7:20-cv-01768-RDP-SGC

FEDERAL BUREAU OF PRISONS, et al,
    Defendants

---

AMENDED COMPLAINT
PURSUANT TO THE REPORT AND RECOMMENDATION

---

COMES NOW, Terri McGuire-Mollica, pro se plaintiff, unskilled and unschooled in the law, filing this Amended Complaint, per the instructions of the Magistrate Judge.

In the original filing, Plaintiff did not name the Federal Bureau of Prisons ("FBoP") staff and officers who denied her medical care while incarcerated, violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment while in custody.

A. Plaintiff ascertains the following employees of the FBoP were involved in the violation of her Constitutional Rights, as follows:

  I. Richard Griffin, MD - FBoP Physician located at FCI Aliceville (2016 - 2019)

    - 10/2016 - Diagnosed Plaintiff with "Noninflmmatory Disorder of the Uterus; Abnormal Uterine & Vaginal Bleeding; and, Iron Deficiency Anemia" (Plaintiff's Iron levels were critically low and needed a blood transfusion upon arrival at Aliceville.)

    - 01/2017 - Office visit for excessive pain and bleeding

    - 01/2017 - Office visit after fainted in Kitchen due to loss of blood

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A
----------------------------------------------------------------------

- 4/2017 - Office visit for fainting for excessive blood loss and need for additional hygiene products

*** 5/2017 - Office Visit to Outside non-FBoP Doctor (Dr. Cox) [Recommended surgery which never happened]

- 6/2017 - Cop-Out to Dr. Griffin for results of visit from Dr. Cox; No reply

- 7/2017 - Office visit for excessive bleeding and pain

- 8/2017 - Office visit to receive "work idle" due to sickness from excessive blood loss

- 9/2017 - Annual review for health problems - discussed excessive pain and bleeding

- 2/2018 - Office visit for excessive bleeding and pain

- 4/2018 - Ultrasound performed - showed growth in fibroid

- 5/2018 - Office visit for fever, dehydration, excessive bleeding, and pain

- 8/2018 - Office visit for excessive bleeding and pain

- 9/2018 - Annual review of medications for controlling bleeding

- 10/2018 - Ultrasound performed - showed growth in fibroid

- 12/2018 - Office visit after fainted due to excessive blood loss

Dr. Griffin treated Plaintiff for more than 2 years at FCI Aliceville. He refused to provide medication that would help with the bleeding and pain; he ignored the recommendations for surgery from Outside Physician Dr. Cox; he interfered with the prescribed medical treatment from Dr. Cox; never performed a biopsy on the fibroid; performed only 1 pap exam from 10/2016 - 01/2019.

Based on the ultrasounds, numerous medical appointments, and blood work, he was aware that the fibroid was growing and that Plaintiff was suffering excessive bleeding and pain as well as anemia, affecting her ability to provide self-care in the prison setting.

The size of the fibroid more than doubled during the period of time when Plaintiff was being treated by Dr. Griffin. When the fibroid was first diagnosed, it was proximally 6 cm and could have been removed laparoscopicly It has grown now to the point where a hysterectomy is necessary.

II. Xingh Li, MD - FBoP Physician located at FCI Aliceville (2020 - 2022)

- 08/2019 - Annual review for medication to control bleeding

- 11/2019 - Ultrasound showing growth in fibroid (to 21 cm)

Case 7:20-cv-01768-RDP-SGC   Document 16   Filed 07/14/22   Page 5 of 12

3/9

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A
----------------------------------------------------------------------------

- 11/2019 - Office visit for excessive bleeding and to discuss ultrasound

- 12/2019 - Filed Form 8.5 asking for care for uterine tumor, including surgery

- 03/2020 - Office visit for excessive bleeding and to discuss lower abdominal protrusion caused by the fibroid

- 06/2020 - Office visit for excessive bleeding and pain in abdomen and stomach issues

** 07/2020 - Office Visit to Outside non-FBoP Dr. Autery; performed ultrasound showing continued growth of fibroid; [Recommended MRI, Colonoscopy, Surgery to remove uterus, Prescribed medications to control bleeding. No procedures were approved]

- 08/2020 - Annual review for medication to control bleeding; added anti-depressant and anxiety medication due to mental health issues related to the fibroid, bleeding, hernia, and stomach issues

- 09/2020 - Office visit for excessive uterine bleeding, pain in uterus, stomach, and colon; Cop-out asking for medications prescribed by Dr. Autery on 7/2020

- 12/2020 - 1st Fecal Occult test - no results given

- 04/2021 - Office visit for excessive bleeding and vaginal/uterine prolapse

- 05/2021 - 2nd Fecal Occult Test which was Positive for Blood in Colon  [Plaintiff has family history of Colon Cancer]

- 06/2021 - Consult with Dr. Li regarding possible surgery for fibroid, hernia, and prolapse and specialized dietary needs


Dr. Li treated Plaintiff for approximately 2.5 years at the SPC Aliceville. During that time, he did not provide any medications to help with the bleeding. He did not address the hernia caused by the fibroid pushing on Plaintiff's abdomen; he did not address the vaginal/uterine prolapse caused by the size and weight of the fibroid; he did not address the stomach and digestion issues caused by the uterus pressing on the stomach and colon; he interfered the medical treatment, including diagnostic tests and surgery, recommended from Dr. Autery; he refused to allow Plaintiff medications prescribed by Dr. Autery to control bleeding and shrink fibroid; he never performed a pap exam or biopsy on the fibroid. Aliceville was unwilling to provide a special diet.

Based on all of the numerous medical appointments, the outside recommendations of Dr. Autery, the growth of the fibroid shown by ultrasounds, Dr. Li was well aware of Plaintiff's pain and suffering. He was also aware that she was experience pain in her abdomen, uterus, and colon, as well as excessive bleeding from her uterus and colon. As of this date, Plaintiff has not even had a colonoscopy to rule of Colon Cancer (for which she

Case 7:20-cv-01768-RDP-SGC   Document 16   Filed 07/14/22   Page 6 of 12

4/9

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A
-----------------------------------------------------------------------

has a family history).

   III.   Jim Williamson, CRNP, SCP Aliceville

    - 2/2019 - Office visit for fever, intense pain in abdomen and hernia

    - 7/2019 - Annual Review for medications and review history

    - 9/2019 - Office visit for heavy bleeding, pain, and discuss protrusion in lower abdomen

   Mr. Williamson offered no medical treatment for Plaintiff's medical issues.

   IV.   Shanquail Horton, CRNP, SPC Aliceville

    - 11/2019 - Office visit to discuss pap exam, biopsy of fibroid, and ultrasound due to excessive bleeding and pain. [Ultrasound was performed showing fibroid was not 21 cm] No other treatment was performed.

   Ms. Horton offered no follow-up treatment after the ultrasound was performed.

   V.   Shelli Hunter, CRNP, SPC Aliceville

    - 2/2021 - Office visit to discuss uterine swelling and prescribed medications (Dr. Autery 7/2020) and possible Colon Cancer symptoms. Also discussed possible vaginal prolapse.

   Ms. Hunter offered no medical treatment.

VI.   Sharon Bailey, RN, FCI/SPC Aliceville

    - 9/2017 - Annual review

    - 8/2018 - Annual Review

    - 8/2019 - Annual Review

    - 5/2020 - Cop-Out: Needed extra sheets and laundry service due to heavy bleeding during lock-down; also need more hygiene supplies

    - 6/2020 - Cop-Out: Needed "bottom bunk pass" due to size of fibroid and pain [Bailey denied request]

    - 8/2020 - Cop-Out: Ask for results of medical trip to see Dr. Autery [none given]

    - 9/2020 - Cop-Out: Requested the status of medications prescribed by outside Dr. Autery to reduce bleeding and size of fibroid [no reply]

    - 12/2020 - Sick Call for excessive uterine and colon bleeding, pain in uterus and abdomen; given 1st

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

----

Fecal Occult Test; also discussed digestive issues

Ms. Bailey was the only provider that treated Plaintiff for the entire 58 months at Aliceville. She never once provided any care to Plaintiff, even to the point of denying her a "bottom bunk pass" so that she would not have to climb approximately 6 feet to sleep each night or ordering her a special diet due to digestive issues caused by the fibroid.

Ms. Bailey also made several entries into Plaintiff's medical file stating that Plaintiff "denied medical treatment on several occasions." However, Plaintiff was NEVER provided any medical care for her uterus, therefore, could not have denied any treatment.

Additionally, falsifying federal medical records is a criminal federal offense.


VII.  Patricia Bradley, Warden, FCI Aliceville (2016 - 2020)

- 12/2019 - Plaintiff filed an Administrative Remedy form 9 with Ms. Bradley, asking for medical care for the fibroid. Along with the form, she was provided medical records. [Received NO response]

- 2/2020 - Plaintiff filed a Compassionate Release asking for Release from Custody in order to obtain her needed medical care. [Received NO response]

Warden Bradley was aware of Plaintiff's lack of medical care as well as her pain and suffering while in custody of the FBoP. She never even acknowledged Plaintiff's Form 9 or Compassionate Release. Warden Bradley never followed up with the medical department to discover why Plaintiff was being denied care.


VIII.  Chad Garrett, Warden, FCI Aliceville (2020 - 2021)

- 6/2020 - Responded to Plaintiff's Form 9 (see above) and claimed that she was to receive medical care for her tumor [Plaintiff was sent to see outside non-FBop Dr. Autery on 7/09/2020]

- 12/2020 - Plaintiff filed a Compassionate Release asking for Release from Custody due to the FBoP's deliberate lack of medical care so that Plaintiff could obtain needed medical care. [ Received NO response]

- 7/2021 - Plaintiff's outside attorney sent Warden Garrett as letter, detailing Plaintiff's health issues and asking for a Compassionate Release or Home Confinement under the CARES Act. [Received NO response]

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

6/9

--------------------------------------------------------------------------------

Warden Garrett was aware of Plaintiff's lack of medical care as well as her pain in suffering at Aliceville. He stated that she was to receive medical treatment on his reply to her Form 9, however, Plaintiff was never treated, only diagnosed. He also never replied to the Compassionate Release request nor Plaintiff's attorney.

IX. William Lothrop, Southeast Regional Director for the FBoP, Atlanta, GA

- 7/2020 - Received Administrative Remedy Form 10. Responded approximately 120 days after the 30-day deadline. His reply stated that Plaintiff had seen outside Dr. Autery on 7/09/2020 and received medical care (Plaintiff NEVER received medical treatment, only recommendations.)

- 7/2020 - Plaintiff filed Tort Claim asking for monetary damages for the lack of medical care over almost 6 years in federal custody. [Received NO reply]

Mr. Lothrop had access to Plaintiff's FBoP medical records and did not address Plaintiff's issues nor offered no medical care.

X. Ian Connors, Administrator Office of General Counsel, Washington DC

- 9/2020 - Received Administrative Form 11, requesting medical attention or release from [NO reply received]

Mr. Connors ignored Plaintiff's request.

B. Summary

The above mentioned Federal Bureau of Prisons employees have systematically denied Plaintiff's Eighth Amendment Constitutional Rights to be free and clear of cruel and unusual punishment, for more than 6 years. In that time, Plaintiff was denied the very basic medical care for her serious medical condition. Their actions show a complete and deliberate indifference to her health and both physical and mental suffering, since her diagnosis by a FBoP physician at Aliceville in October 2016. Deliberate Indifference is established when a Defendant had actual knowledge or awareness of an obvious risk to a Plaintiff's serious medical need and fails to take steps to abate that risk; that can be demonstrated by actual intent or reckless disregard. Reckless disregard occurs when a Defendant knows of and disregards an excessive risk to inmate's health. "A Defendant who unreasonably fails to respond or refuses to treat an inmate's need for medical care or one who delays necessary treatment without explanation for non-medial reasons may also exhibit deliberate indifference." (Melton v. Abston 841 F3d 1207 (11th Cir. 2016))

Case 7:20-cv-01768-RDP-SGC   Document 16   Filed 07/14/22   Page 10 of 12

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A
----------------------------------------------------------------------

8/9

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." The medical need "must be one that if left unattended, poses a substantial risk of serous harm." (Farmer v. West, 320 F3d 1235, 1243 (11th Cir. 2003))   The Plaintiff was diagnosed with the SAME issue by three separate physicians (FBoP employee Dr. Griffin, and outside physicians Dr. Cox and Dr. Autery); both outside physicians recommended surgery  The FBoP employees interfered with Plaintiff's medical treatment plan.

Because of the lack of care, a 6 cm fibroid, diagnosed by Dr. Griffin (gynecologist for FBoP) in October 2016, could have been removed laparoscopically, with minimal invasiveness. Now, the fibroid is at least 21 cm (from a 7/2020 ultrasound, and possibly larger) that weighs between 15 lbs and 20 lbs; Plaintiff will have to have her entire uterus, and possibly other organs, surgically removed. In addition, the uterus is so swollen (the size of a 5-month pregnancy) that removing the uterus vaginally is not an option. Therefore, Plaintiff will have a large scar across her abdomen (from "hipbone to hipbone" predicted Dr. Cox). "Delay in access to medical attention can violate the Eighth Amendment ... when it is tantamount to unnecessary and wanton infliction of pain." (Hill v. Dekalb Regional Youth Detention Center, 40 F3d 1176 (11th Cir. 1994))

Allowing this situation to go untreated for more than 6 years has caused not only heavy uterine bleeding and chronic anemia, but also additional health problems, including a vaginal prolapse, a hernia in Plaintiff's lower left pelvic area, and colon/rectal bleeding. Plaintiff has a documented family history of both uterine fibroids as well as Colon Cancer. Also, Plaintiff had to be prescribed anxiety and depression medication for these health issues. A prison official is deliberately indifferent when he "knows of and disregards as excessive risk to inmate health or safety." (Farmer v. Brennan, 511 US 825 SCt 1970 128 2d 811 (1994))

Plaintiff has battled a chronic iron deficiency during this entire period. In addition to the physical pain and suffering of the constant bleeding, Plaintiff has suffered mental health issues, including depression and anxiety, for which she takes daily medication since 2020. Constant bleeding and the necessity of having to change clothes and linens on a regulate basis (sometimes several times a day) and continuously ask for additional feminine hygiene supplies have caused unending humiliation and psychological issues for the Plaintiff. She has not been able to provide self-care in the prison setting.

All of these individuals were aware of Plaintiff's medical conditions, knew the risks associated with not treating her, and were deliberately indifferent to her physical and mental health. No rational medical practitioner could possibly think that denying treatment for a fibroid that was steadily increasing in size and

weight (per the numerous ultrasounds) for more than 6 years would not cause other medical conditions. The fibroid not only caused excessive uterine bleeding leading to anemia, but also a vaginal prolapse, hernia, colon/rectal bleeding that could very well indicate undiagnosed Colon Cancer (per the positive fecal occult test).

C. Conclusion

"To set out a claim for deliberate indifference to medical needs, Plaintiff must make three showing: 1) he had a serious medical need; 2) Defendant was deliberately indifference to that need; and, 3) the Plaintiff's injuries were casually related." (Hinson v. Bias 927 F3d 11033, 1121 (11th Cir. 2019))

Plaintiff has shown that each and every individual named in this lawsuit was more than casually aware of her situation and refused to either provide her medical care or the allow her to be released from custody to obtain her own health care. Due to Defendants' continued refusal, not just delays, in providing health care, she now has not only a fibroid the size and weight of a 5-month embryo in her uterus, but also a vaginal prolapse, hernia in her pelvic area, and colon/rectal bleeding which could be indicative of colon cancer.

Plaintiff respectfully prays that this court will decide in her favor and award Plaintiff all of the compensation, punitive damages, and other awards for which the Court finds Plaintiff entitled. In addition, she would like the Court to mandate that the Defendants provide the recommended treatment to Plaintiff within the next 3 months.

Respectfully submitted, this the 1st day of July 2022.

*[signature: Terri McBurn Mollica]*

Terri McGuire-Mollica
Reg No. 31860-001
c/o FPC Marianna
P.O. Box 7006
Marianna, FL 32447

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

---

FROM: 31860001
TO:
SUBJECT: Cert of Service
DATE: 07/01/2022 05:18:19 PM

CERTIFICATE OF SERVICE

I, Terri McGuire-Mollica, certify under penalty of perjury that a true and correct copy of the PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION and THE AMENDED COMPLAINT was served on the U.S. District Court in Birmingham, AL, via first-class prepaid U.S. Mail, by placing it in the FPC Marianna Prison Mailbox System, on this the ___1st___ of July 2022.

Terri McGuire-Mollica
Reg No. 31860-001