# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TERRI MCGUIRE-MOLLICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 7:20-cv-01768-RDP-SGC |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Terri McGuire-Mollica, has filed a *pro se* complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680, alleging violations of her rights under the Constitution or laws of the United States. (Doc. 1).[1] On June 3, 2022, the Magistrate Judge entered a Report and Recommendation recommending the court (1) permit Plaintiff's Eighth Amendment claim to proceed, provided Plaintiff files an amended complaint identifying the individuals who she contends demonstrated deliberate indifference to her medical needs, and (2) dismiss all other claims asserted in this action under 28 U.S.C. § 1915A(b). (Doc. 13).

Plaintiff filed both an objection to the Report and Recommendation and an amended complaint. (Doc. 16). She objects to the Magistrate's Report on a single ground: that she did, in fact, exhaust her administrative remedies because the Bureau of Prisons ("BOP") never responded to her administrative claim. (Doc. 16 at 1). Therefore, she contends her claim under the Federal Torts Claim Act ("FTCA") should not be dismissed. She does not address the magistrate's

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

recommendation regarding the dismissal of her other claims.

The FTCA is "a specific, congressional exception to the United States' sovereign immunity for tort claims." *Turner ex rel. Turner v. U.S.,* 514 F.3d 1194, 1200 (11th Cir. 2008) (internal citations and quotation marks omitted). This waiver is scrupulously observed, and is not to be expanded, by the courts. *Id.* A plaintiff must exhaust her administrative remedies before filing an FCTA claim for money damages; otherwise, the district court lacks jurisdiction over her lawsuit. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993); *Turner*, 514 F.3d at 1200. Tort claims against the United States must be filed with the appropriate agency "within two years after such claim accrues" and in federal court "within six months after" the agency's final decision on the claim. 28 U.S.C. § 2401(b). If the relevant agency does not make a final disposition of the claim within six months of its filing, it may be deemed a final denial. *See* 28 U.S.C. § 2675(a).

Here, Plaintiff filed her administrative claim with the BOP on July 28, 2020, and she filed her complaint with this court less than four months later on November 9, 2020. (Doc. 1 at 44-45). She admits she had not received a denial from the BOP as of the date she filed her complaint. (Doc. 1 at 12; Doc. 16 at 1).

The Eleventh Circuit considered this situation in *O'Brien v. United States*, 137 F. App'x 295 (11th Cir. 2005). O'Brien filed an administrative claim on July 16, 2002, which was ultimately denied on December 2, 2002; however, he filed his FTCA claim in federal court on September 24, 2002, before the administrative claim had been decided. *Id.* at 298. The defendants argued that O'Brien's filed his FTCA case too early and thus failed to properly exhaust his administrative remedies. *Id.* The court agreed, finding O'Brien filed his complaint prematurely, before the administrative proceedings concluded, and affirmed the district court's dismissal of O'Brien's

2

complaint for lack of subject matter jurisdiction. *Id.* at 301.

Here, Plaintiff filed her FTCA complaint only four months after filing her administrative complaint with the BOP. At that point, the BOP had not yet denied her claim, nor was her claim deemed denied because six months had not passed. When she filed her complaint in this court, the administrative proceedings had not yet concluded. *See id.* The court does not have jurisdiction over an FTCA claim that is filed before it is either actually denied or deemed denied by the expiration of the six-month period. *See id.* Accordingly, Plaintiff's FTCA claim will be dismissed without prejudice.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation and objections, the court **ADOPTS** the Report and **ACCEPTS** the Recommendation. (Doc. 13). Consistent with that recommendation and 28 U.S.C. § 1915A(b), the following claims are **DISMISSED** for failing to state a claim upon which relief can be granted: (1) the FTCA claim against the United States; (2) the denial of access to courts claim; (3) the Fourteenth Amendment due process claim that Plaintiff was denied access to her medical records; and (4) the Eighth Amendment claim that Wardens Patricia V. Bradley and Chad Garrett were deliberately indifferent during the COVID-19 pandemic. In addition, the following defendants are **DISMISSED** as parties to this lawsuit: the Bureau of Prisons, Administrator Shoulders, Case Manager Medley, and the unidentified mail room staff and medical/healthcare staff at Federal Correctional Institution Aliceville.

The Clerk is **DIRECTED** to file Plaintiff's amended complaint (Doc. 16 at 3-12) as a stand-alone amended complaint. The amended complaint is **REFERRED** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this August 5, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE