UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TERRI MCGUIRE-MOLLICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:20-cv-01768-RDP-SGC |
| ) | |
| RICHARD GRIFFIN, MD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

The plaintiff, Terri McGuire-Mollica, has filed a *pro se* amended complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging a violation of her Eighth Amendments rights under the Constitution of the United States. (Doc. 18).[1] McGuire-Mollica identifies the following defendants in the amended complaint: Richard Griffin, MD; Xingh Li, MD; Jim Williamson, CRNP; Shanquail Horton, CRNP; Shelli Hunter, CRNP; Sharon Bailey, RN; Patricia Bradley, Warden; Chad Garrett, Warden; William Lothrop, Southeast Regional Director for the "FBoP"; and Ian Connors, Administrator Office of General Counsel. She seeks money damages for the defendants' alleged deliberate indifference to her serious medical need.

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint is before the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons explained below, the undersigned recommends the court dismiss without prejudice all defendants except Dr. Griffin, Dr. Li, and Nurse Bailey.

## I. Standard of Review

Because McGuire-Mollica is proceeding *in forma pauperis*, the Prison Litigation Reform Act ("PLRA") requires this court to screen her complaint under 28 U.S.C. § 1915A. The court must dismiss the complaint, in whole or in part, if it is frivolous or malicious, seeks monetary damages from a defendant immune from monetary relief, or does not state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b).

A claim is considered "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim is frivolous as a matter of law if the defendants are immune from suit or the plaintiff is seeking to enforce a legal right that does not exist. *Id.* at 327.

The legal standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) also determines whether a complaint states a valid claim under 28 U.S.C. § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, to state a claim upon which relief can be granted, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and a complaint should be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, the court should dismiss a claim when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), but it still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

McGuire-Mollica was incarcerated at Federal Correctional Institution-Aliceville ("FCI-Aliceville") when the alleged events of this action occurred. (Doc. 1 at 2). She now resides at Federal Correctional Institution-Marianna. (Doc. 10). In her original complaint, she alleged "[t]he staff at Aliceville" is aware of her medical

needs (the removal of a uterine cyst), and thus the risk to her, by virtue of her medical records and Dr. Griffin's diagnosis of her condition. She further claimed the staff disregarded her medical needs by ignoring the recommended treatment, which amounts to more than negligence because the staff falsified many medical records to state McGuire-Mollica declined treatment. Because she did not identify the specific staff members involved, the undersigned recommended McGuire-Mollica be required to amend her complaint to identify those defendants who she alleges displayed a deliberate indifference toward her medical needs. (Doc. 13 at 7).

In her amended complaint, McGuire-Mollica asserts she was diagnosed with a 6 cm uterine fibroid in October 2016, which at that point could have been removed laparoscopically, a surgical procedure recommended by Dr. Cox, an "outside physician." (Doc. 18 at 8). The fibroid was not removed, and by July 2020, it had grown to 21 cm and weighed between 15 and 20 pounds. (Doc. 18 at 8). Now, McGuire-Mollica will have to have her uterus removed in a much more invasive surgery. (Doc. 18 at 8). The delay in treatment has also caused chronic anemia, heavy uterine bleeding, vaginal prolapse, a hernia, colon/rectal bleeding, anxiety, and depression. (Doc. 18 at 9).

### III. Analysis

**A. Claims against FCI-Aliceville Medical Staff**

McGuire-Mollica claims Drs. Griffin and Li, CRNPs Williamson, Horton, and

Hunter, and Nurse Bailey are current or former members of the FCI-Aliceville medical staff. (Doc. 18 at 1-7). She describes her numerous visits to these providers and alleges each defendant was deliberately indifferent to her medical needs.

To establish a deliberate indifference claim, a plaintiff must show (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation. *Gilmore v. Hodges*, 738 F.3d 266, 273–74 (11th Cir. 2013). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 274. McGuire-Mollica's claim that she was diagnosed with a uterine fibroid that required surgical removal meets this standard.

To show the defendants' deliberate indifference, McGuire-Mollica must make both an objective and a subjective showing. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective component, she must demonstrate "a substantial risk of serious harm." *See id.* Under the subjective component, she must demonstrate the defendants' deliberate indifference to the risk by showing: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *See Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016) (quotation omitted).

McGuire-Mollica provides substantial detail about her numerous visits with Drs. Griffin and Li and Nurse Bailey. She alleges Griffin and Li were aware of her

5

diagnosis and need for treatment, but they ignored surgical recommendations and prescriptions made by outside physicians. She also claims Bailey falsified her medical records to state McGuire-Mollica refused medical treatment. At this point, McGuire-Mollica's allegations sufficiently state a claim for deliberate indifference to medical needs against Drs. Griffin and Li and Nurse Bailey, and these defendants should be directed to respond to the amended complaint.

However, McGuire-Mollica provides far less detail about her few visits with Williamson, Horton, and Hunter. She claims she visited these providers for various issues but was not offered treatment. These assertions might be enough to state a claim for negligence, but they do not amount to conduct that is more than negligence as required to state a claim for deliberate indifference. Unlike with her claims against Griffin, Li, and Bailey, the plaintiff does not allege Williamson, Horton, and Hunter ignored prescribed medical treatment or falsified her records. Accordingly, McGuire-Mollica has failed to state a claim upon which relief can be granted against these defendants, and Williamson, Horton, and Hunter should be dismissed.

## B.  Claims against FCI-Aliceville Wardens

McGuire-Mollica names as defendants Bradley, the former warden at FCI-Aliceville, as well as the current warden, Garrett. The plaintiff contends she filed a grievance asking for medical care for the uterine fibroid, as well as a request for compassionate release. According to McGuire-Mollica, Bradley did not respond to

her grievance, but Garrett permitted her to see an outside physician in July 2020; however, upon seeing the outside physician, she was only diagnosed, not treated. (Doc. 18 at 6). She claims neither Bradley nor Garrett responded to her request for compassionate release. (Doc. 18 at 5-6).

A claim that a prison official has denied a grievance does not "support a finding of constitutional violations on the part of" the defendant. *See Cooper v. Norwood*, No. 2:19-CV-236-JES-NPM, 2021 WL 3510817, at *7 (M.D. Fla. Aug. 10, 2021); *see also Raske v. Dugger*, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993); *Thomas v. Poveda*, 518 F. App'x 614, 618 (11th Cir. 2013) ("[T]he prison grievance procedure does not provide an inmate with a constitutionally protected interest.") (internal citations and quotations omitted); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Here, McGuire-Mollica complains Bradley did not respond to her grievance; she does not allege Bradley affirmatively denied or interfered with her medical care. Similarly, McGuire-Mollica contends that although Garrett arranged for her see a doctor, the doctor only diagnosed her and did not treat her. The plaintiff does not allege Bradley or Garrett are medical professionals, were directly involved in her medical care, or were responsible in some supervisory capacity. Her assertions do not demonstrate Bradley and Garrett's personal

7

participation in the denial of McGuire-Mollica's rights. Accordingly, the plaintiff has failed to state a claim against Bradley and Garrett upon which relief can be granted, and they should be dismissed.

Furthermore, McGuire-Mollica's complaint that Bradley and Garret did not grant her request for compassionate release is truly a challenge to the fact of her continued confinement rather than a complaint about the conditions of her confinement. This type of claim is appropriately brought in a petition for a writ of habeas corpus. Even if a *Bivens* action were an appropriate method by which to challenge a denial of compassionate release, a prisoner has no constitutional right to release prior to the expiration of a valid sentence. *See United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Because McGuire-Mollica does not have an enforceable constitutional right to early release, she has failed to state a claim upon which relief can be granted, and Bradley and Garret should be dismissed.

### C. Claims against Lothrop and Connors

Finally, McGuire-Mollica identified two BOP employees who received her administrative appeals: Lothrop, the Southeast Regional Director for the BOP, and Connors, who works for the BOP's Office of General Counsel. She complains that even though both individuals received her grievance and had access to her medical records, they ignored her issues and did not offer medical care.

As with her claims against Bradley and Garret, McGuire-Mollica faults Lothrop and Connors for denying or ignoring her grievance, but this does not amount to their personal participation in the alleged violation of her rights. She has therefore failed to state a claim upon which relief can be granted against these individuals, and Lothrop and Connors should be dismissed as defendants in this action.

**D. Mailing Addresses for Defendants**

McGuire-Mollica has not provided a mailing address for any of the defendants in her amended complaint. It is the plaintiff's duty to supply the court with an adequate mailing address for the defendants. McGuire-Mollica must promptly provide a mailing address for the remaining defendants. Failure to supply a correct address may result in the dismissal of a defendant from this action.

### IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** the court **DISMISS WITHOUT PREJUDICE** defendants Jim Williamson, Shanquail Horton, Shelli Hunter, Patricia Bradley, Chad Garrett, William Lothrop, and Ian Connors for failure to state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** the court require McGuire-Mollica to provide an adequate mailing address for Dr. Griffin, Dr. Li, and Nurse Bailey.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh

Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

    **DONE** this 11th day of August, 2022.

                                                   /s/ Staci G. Cornelius
                                                 STACI G. CORNELIUS
                                                 U.S. MAGISTRATE JUDGE