# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| TERRI MCGUIRE-MOLLICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 7:20-cv-01768-RDP-SGC |
| RICHARD GRIFFIN, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER FOR SPECIAL REPORT

The plaintiff has filed a *pro se* amended complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging a violation of her Eighth Amendments rights under the Constitution of the United States. (Doc. 18). The complaint is before a magistrate judge for scheduling, management, and preliminary review. *See* 28 U.S.C. § 636(b); *McCarthy v. Bronson*, 500 U.S. 136 (1991).

### I. Service of Process

The Clerk of Court will be directed to mail a copy of this order and a copy of the plaintiff's amended complaint to each person or entity identified below as a defendant in this action. (Doc. 18). This order and the amended complaint adequately notify each defendant that he or she has been sued in this action and must respond to the allegations of the amended complaint.

1

Federal Rule of Civil Procedure 4(d) imposes a duty on all defendants "to avoid unnecessary costs of serving the summons" and therefore provides a mechanism for accomplishing service of process on the defendants by first-class mail. Each defendant who receives this order is **ORDERED** to waive service of process by executing the attached waiver of service form and filing it with the court within **40 days** unless he or she has good cause not to waive service. Any defendant's unreasonable refusal to waive service will result in sanctions, and therefore any defendant who does not sign and return the waiver of service to the court within 40 days may be responsible for the costs of personal service, including attorney's fees. Fed. R. Civ. P. 4(d)(2).

## II. Special Report

The court's review of the complaint has identified the following defendants and claims:

**A.  Defendants**

Richard Griffin, M.D.

who is located at FCI–Oakdale, P.O. Box 5050, Oakdale, LA 71463; and

Xingh Li, M.D.
Sharon Bailey

who are located at FCI–Aliceville, P.O. Box 445, Aliceville, AL 35442.

**B.     Claims**

The complaint attempts to state the following claims for relief against the defendants in their individual capacities:

> Count One: deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution. In this claim, the plaintiff alleges she was diagnosed with a 6 cm uterine fibroid in October 2016. At that point, Dr. Cox, an outside physician, recommended the fibroid be removed laparoscopically. The defendants were aware of this condition and Dr. Cox's recommendation, but they refused to treat the plaintiff's bleeding and pain, and they ignored and/or interfered with the surgical recommendation. The fibroid was not removed, and now, it has grown so large as to require removal of the plaintiff's uterus in a much more invasive surgery. The delay in treatment has also caused chronic anemia, heavy uterine bleeding, vaginal prolapse, a hernia, colon/rectal bleeding, anxiety, and depression. The plaintiff also alleges Bailey made several entries to the plaintiff's medical file indicating the plaintiff denied medical treatment on several occasions. The plaintiff seeks compensatory and punitive damages, as well as an order directing the defendants to provide the recommended treatment to the plaintiff within three months.

The plaintiff is **ORDERED** to notify the court **within 21 days** if the court has misunderstood or misconstrued her claims. The plaintiff's notice must (1) specifically describe any error in the court's understanding of the claims, and (2) explain the true nature of the claims the plaintiff intended to assert in the amended complaint. The plaintiff will not be allowed to amend the complaint to add parties or claims after the date of this order unless the plaintiff files a Motion for Leave to Amend specifically describing the proposed amendment, and the court grants that

3

motion.

Each defendant is **ORDERED** to review the plaintiff's claims to determine the relevant facts and circumstances of each claim against him or her. Each defendant (either individually or collectively) is further **ORDERED** to file a written Special Report within **60 days** and to attach the sworn statement of all persons having knowledge of the facts relevant to the claims or any investigation of the claims. If a defendant who has waived service files a Special Report, the court will construe the Special Report as an answer pursuant to Federal Rule of Civil Procedure 7(a), and this defendant will not be required to file any other answer or responsive pleading. Any defendant demanding a jury trial may comply with Rule 38(b) by incorporating a written jury demand into the Special Report.

### III.  Discovery and Disclosures

#### A.  Initial Disclosures by Defendants

Federal Rule of Civil Procedure 26(a)(1) requires the parties to make certain initial disclosures. To comply with Rule 26(a)(1), each defendant shall include the information described below in his or her Special Report:

1. The sworn statement of the defendant as to his or her knowledge of the claim or incident at issue.

2. The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the plaintiff's claims or the defendant's

        defenses.

3.    A clear and legible copy of all materials relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary or administrative records, memoranda, witness statements, photographs, video or audio recordings, classification or custody records, and medical records.

**B.    Initial Disclosures by Plaintiff**

The plaintiff is **ORDERED** to make initial disclosures within **21 days** after service of the Special Report by filing a notice including the following information:

1.    The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the plaintiff's claims or the defendant's defenses.

2.    A clear and legible copy of all materials relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary or administrative records, memoranda, witness statements, photographs, video or audio recordings, classification or custody records, and medical records.

3.    A description of each category of damages the plaintiff is seeking in this action and a calculation of those damages.

**C.    Discovery**

There will be no additional discovery in this case except with leave of court. To request leave of court, a party must file a motion specifically identifying the nature of the requested discovery and explaining why the initial disclosures did not

provide that information. Any request for leave to conduct additional discovery must be filed within **30 days** of the date of the Certificate of Service on the Special Report. Even if the court permits additional discovery, it will consider only Rule 33 interrogatories, Rule 34 requests for production of documents, and Rule 32 depositions.

### D.  Discovery Costs

Authorization to proceed *in forma pauperis* in this court does not mean that the plaintiff can shift all costs of discovery to the defendants. If, for example, a defendant allows the plaintiff to review documents, the defendant does not have to copy those documents free of charge for the plaintiff's use. Similarly, the court cannot act as a copying center. The Clerk of Court will not provide copies of discovery documents, answers to interrogatories, or documents that should be in the parties' possession. The Clerk also will not copy and distribute discovery requests or responses to discovery requests that must be served on all other parties pursuant to Federal Rule of Civil Procedure 5.

## IV. Addresses

The plaintiff must provide an appropriate mailing address for each defendant. If the court mails a copy of the amended complaint to a defendant at the address the plaintiff provided but the mailing is returned for an insufficient address, the court

will not make any further attempt at serving that defendant until the plaintiff provides a new address. The plaintiff's failure to provide the court with a valid address for a defendant may result in the dismissal of all claims against that defendant without further notice.

Additionally, the plaintiff must keep the court and the defendants informed of her own current address. If a document is returned to the court because of an insufficient or inaccurate address for the plaintiff, the court may dismiss this action or impose other appropriate sanctions. The court finds this provision necessary to discharge its obligations under the Civil Justice Reform Act and Federal Rule of Civil Procedure 1.

## V.  Summary Judgment

Federal Rule of Civil Procedure 56 allows the court to resolve the merits of all or part of a lawsuit before trial if the material facts are not in dispute and a party is entitled to judgment as a matter of law. If the court decides to construe the Special Report as a motion for summary judgment, it will notify the parties by separate order.

## VI.  Directions for Service

In addition to serving this order on the plaintiff, the Clerk of Court is **DIRECTED** to serve this order and a copy of the amended complaint (Doc. 18) on the defendants identified in **Part IIA** above and on the United States Attorney for

the Northern District of Alabama, 1801 Fourth Avenue North, Birmingham, AL 35203.

**DONE** this 3rd day of October, 2022.

                                                      STACI G. CORNELIUS
                                                      U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| TERRI MCGUIRE-MOLLICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:20-cv-01768-RDP-SGC |
| | ) |
| RICHARD GRIFFIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ACKNOWLEDGMENT AND WAIVER OF SERVICE

Under penalty of perjury, I acknowledge receiving a copy of the complaint in this action, and I waive formal service of process.

Date: _____

_____
Signature of Defendant

*For Corporate Defendants:*
By:_____
Its: _____