FILED
2023 Feb-16 PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

---

FROM: 31860001
TO:
SUBJECT: Amend Bivens
DATE: 02/12/2023 06:04:57 PM

FILED
2023 FEB 15 P 6: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

TERRI MCGUIRE-MOLLICA,
Plaintiff

v. Case No. 7:20-cv-07168-RDP-SCG

RICHARD GRIFFIN, XINGH LI, AND
SHARON BAILEY.
Defendants

---

MOTION TO AMEND COMPLAINT
PURSUANT TO THE FEDERAL TORT CLAIMS ACT and
TITLE 28 UNITED STATES CODE SECTIONS 2671 - 2680

---

COMES NOW, Terri McGuire-Mollica, pro se litigant, unskilled and unschooled in the law, asking this Honorable Court to allow her to AMEND her compliant, filed under Bivens v. Six Unknown Names Agents, to INCLUDE the Federal Tort Claims Act claim and ADD the United States of America as an additional defendant in this case.

On August 5, 2022, this Court "dismissed without prejudice" (Doc 17-1 p. 3). Plaintiff's action against the United States of America, pursuant to the Federal Tort Claims Act and Title 28 U.S.C.S. 2671 - 2680, due to the fact that Plaintiff filed her administrative claims on 7/28/2020 and then "filed her complaint with this court less than four months" rather than waiting for six months to elapse (Doc 13-1 p. 8).

On August 10, 2022, Plaintiff filed a second administrative claim (see Attachment) with the Federal Bureau of Prisons for the same "deliberate indifference to medical care" in violation of the U.S. Constitution's Eighth Amendment Cruel and Unusual Punishment clause.

The six-month period to reply ended on February 10, 2023. As of this date, Plaintiff has received no response from the Federal Bureau of Prisons.

---

The remaining defendants have not answered the original complaint and were granted another extension until February 27, 2023. Therefore, they will not be prejudiced by this amended complaint.

Accordingly, Plaintiff asks this Honorable Court to GRANT this Motion to Amend the Complaint; ADD the Federal Tort Claim to the above referenced lawsuit; and, ADD the United States of America as an additional DEFENDANT to this case and serve the United States as appropriate.

Respectfully submitted, this the 13th day of February 2023.

Terri McGuire-Mollica

Terri McGuire-Mollica
Reg No. 31860-001
c/o FPC Marianna
P.O. Box 7006
Marianna, FL 32447

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

---

FROM: 31860001
TO:
SUBJECT: Cert of Service BHAM
DATE: 02/12/2023 06:06:47 PM

CERTIFICATE OF SERVICE

I, Terri McGuire-Mullica, certify under penalty of perjury that a true and correct copy of the MOTION TO AMEND PURSUANT TO FTCA was served on the U.S. District Court in Birmingham, AL, via first-class prepaid U.S. Mail, by placing it in the FPC Marianna Prison Mailbox System, on this the 13th day of February 2023.

Terri McGuire-Mollica

Terri McGuire-Mollica
Reg No. 31860-001

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

1. Submit To Appropriate Federal Agency:

Southeast Regional Office
Federal Bureau of Prisons

2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)*

Terri McGuire-Mollica Reg No. 31860-001
c/o FPC Marianna, P.O. Box 7006
Marianna, FL 32447

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 5/14/1966 | S | N/A | N/A |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

On 5/12/2015, I was taken into custody by the U.S. Marshal Service and housed at a County jail until September 2016, when I was transferred to FCI Aliceville. Upon arrival, I needed a blood transfusion due to heavy uterine bleeding and passing large blood clots. In October 2016, I was diagnosed by FBoP doctor Richard Griffin with "abnormal uterine and vaginal bleeding" and "iron deficiency anemia." Dr Griffin also diagnosed me with a 6cm uterine fibroid tumor. (See Attached)

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

N/A

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Since 2015, the U.S. Marshal Service and the FBoP has denied claimant necessary medical treatment for the uterine tumor. Due to lack of treatment, I have continued to have excessive uterine bleeding, causing chronic anemia. Also, the tumor has grown from 6cm to > 21cm and weighs 15-20lbs. (the size of a 6-month

11. **WITNESSES**

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| Bettye Hays | FPC Aliceville, P.O. Box 445, Aliceville, AL 35442 |
| Dora Moreira | FPC Aliceville, P.O. Box 445, Aliceville, AL 35442 |
| Lori Owen | FPC Marianna, P.O. Box 7006, Marianna FL 32447 |
| Michelle Jackson | FPC Marianna, P.O. Box 7006, Marianna FL 32447 |

12. *(See instructions on reverse)* **AMOUNT OF CLAIM *(in dollars)***

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
|---|---|---|---|
| N/A | $8.7 million + $100,000/month > 8/2022 | N/A | $8.7 million + |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Terri McGuire-Mollica | N/A | 8/10/2022 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)*

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)*

95-109
*Previous editions not usable.*
Designed using Perform Pro, WHS/DIOR, Jun 98

*NSN 7540-00-634-4046*

*STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2*

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☒ No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☒ N

---

[redacted]: 31860001
[redacted]
SUBJECT: Tort Claim Attachment
[redacted]

Terri McGuire-Mollica
Reg No. 31860-001
c/o FPC Marianna
P.O. Box 7006
Marianna, FL 32447

Attachment for Tort Claim Form

Section 8 - Continued

During this period of more than 7 years, I have never had any actual treatment for the tumor. I have developed several other medical issues, including a Hernia, Vaginal Prolapse, and symptoms of Colon Cancer (although it has not been diagnosed as of this date).

In addition, I was recently diagnosed with Post Traumatic Stress Disorder, based on a large part of my fear for my health. [My father died from complications from Colon Cancer in 2014]

Section 10 - Continued

embryo). As the tumor has continued to grow, I have developed a Hernia from the left side of my abdomen to the lower left pelvic area, first noticeable in early 2020.

In December 2020, I began having symptoms of Colon Cancer. (Claimant has a family history of Colon Cancer, and in fact, her father died from it.) In June 2021, I had a positive fecal occult test, indicating possible Colon Cancer. Since that time, I have been scheduled for several colonoscopies but never actually had one performed. I have also not had a biopsy on the mass in my colon.

In April 2022, I had a vaginal prolapse. All of these conditions have been caused or exacerbated by the lack of medical treatment for the uterine tumor.

In 2016, the tumor was small enough to be removed laperoscopically; now the removal will have to be though the abdomen wall due to the size of the uterus and tumor. I will have a large scar from "hipbone to hipbone."

Additionally, on 7/26/2022, I was diagnosed with Post Traumatic Stress Disorder. One of the overriding factors was "fear for my health," per FBoP Physiologist Dr. Byrd.

See attached paperwork for the FBoP employees that have denied medical care and/or interfered with prescribed treatment.

Part 12b - Continued

The amount of my claim is based on the unnecessary pain and suffering the I have experienced as a result of the continuous bleeding over the past 7 years, including the humiliation of constantly have to change and wash clothes and linens. In both facilities where I have been incarcerated (Aliceville and Marianna) the staff has not provided proper feminine hygiene products in a timely manner.

---

I have also estimated the cost of surgery to remove the uterus and tumor, including possible reconstructive surgery for the scar, hernia, and vaginal prolapse.

Also included in the claim is damages for psychological issues that I have experienced as a result of the deliberate indifference to my serious health care needs, especially the recent diagnosis of PTSD. Post Traumatic Stress Disorder is not curable, so I will have to deal with it for the rest of my life. This will affect my ability to provide self-care and may even prevent me from obtaining employment to support myself.

Note: If Claimant does in fact have Colon Cancer as a result of the FBoP's lack of treatment, she will revise this personal injury amount to include treatment for the cancer and damages for pain and suffering.

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

---

[illegible]: 31860001
[illegible]
SUBJECT: Cert of Serv - Tort
[illegible]

CERTIFICATE OF SERVICE

I, Terri McGuire-Mollica, certify under the penalty of perjury, that a true and correct copy of this

TORT CLAIM and ATTACHMENTS

were served on the Federal Bureau of Prisons, Southeast Regional Office located at 3800 Camp Creek Pkwy Suite 200, Atlanta, GA 30331, via prepaid first class U.S. Mail by placing it in the prison mailbox system located at the Federal Prison Camp in Marianna, Florida, done this the 10th day of August 2022.

Terri McGuire-Mollica

Terri McGuire-Mollica
Reg No. 31860-001

TRULINCS  31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

------------------------------------------------------------------------------------------------

Terri McGuire-Mollica
Reg No. 31860-001

Attachment for Tort Claim

I.    Richard Griffin, MD - FBoP Physician located at FCI Aliceville (2016 - 2019)

   - 10/2016 - Diagnosed Plaintiff with "Noninflammatory Disorder of the Uterus; Abnormal

        Uterine & Vaginal Bleeding; and, Iron Deficiency Anemia" (Plaintiff's Iron levels

        were critically low and needed a blood transfusion upon arrival at Aliceville.)

   - 1/2017 - Office visit for excessive pain and bleeding

   - 1/2017 - Office visit after fainted in Kitchen due to loss of blood


   - 4/2017 - Office visit for fainting for excessive blood loss and need for additional hygiene products

   *** 5/2017 - Office Visit to Outside non-FBoP Doctor (Dr. Cox)  [Recommended surgery which never happened]

   - 6/2017 - Cop-Out to Dr. Griffin for results of visit from Dr. Cox; No reply

   - 7/2017 - Office visit for excessive bleeding and pain

   - 8/2017 - Office visit to receive "work idle" due to sickness from excessive blood loss

   - 9/2017 - Annual review for health problems - discussed excessive pain and bleeding

   - 2/2018 - Office visit for excessive bleeding and pain

   - 4/2018 - Ultrasound performed - showed growth in fibroid

   - 5/2018 - Office visit for fever, dehydration, excessive bleeding, and pain

   - 8/2018 - Office visit for excessive bleeding and pain

   - 9/2018 - Annual review of medications for controlling bleeding

   - 10/2018 - Ultrasound performed - showed growth in fibroid

   - 12/2018 - Office visit after fainted due to excessive blood loss


        Dr. Griffin treated Plaintiff for more than 2 years at FCI Aliceville.  He refused to provide medication

that would help with the bleeding and pain; he ignored the recommendations for surgery from Outside Physician

Dr. Cox; he interfered with the prescribed medical treatment from Dr. Cox; never performed a biopsy on the fibroid;

performed only 1 pap exam from 10/2016 - 01/2019.

        Based on the ultrasounds, numerous medical appointments, and blood work, he was aware that the

---

fibroid was growing and that Plaintiff was suffering excessive bleeding and pain as well as anemia, affecting her ability to provide self-care in the prison setting.

The size of the fibroid more than doubled during the period of time when Plaintiff was being treated by Dr. Griffin. When the fibroid was first diagnosed, it was proximally 6 cm and could have been removed laparoscopicly. It has grown now to the point where a hysterectomy is necessary.

.

.

II. Xingh Li, MD - FBoP Physician located at FCI Aliceville (2020 - 2022)

- 08/2019 - Annual review for medication to control bleeding

- 11/2019 - Ultrasound showing growth in fibroid (to 21 cm)

- 11/2019 - Office visit for excessive bleeding and to discuss ultrasound

- 12/2019 - Filed Form 8.5 asking for care for uterine tumor, including surgery

- 03/2020 - Office visit for excessive bleeding and to discuss lower abdominal protrusion caused by the fibroid

- 06/2020 - Visit [during COVID lockdown] for excessive bleeding and pain in abdomen and stomach issues

- 06/2020 - Visit [during COVID lockdown] asking for anxiety and depression medication

** 07/2020 - Office Visit to Outside non-FBoP Dr. Autery; performed ultrasound showing continued growth of fibroid; [Recommended MRI, Colonoscopy, Surgery to remove uterus, Prescribed medications to control bleeding. No procedures were approved]

- 08/2020 - Annual review for medication to control bleeding; added anti-depressant and anxiety medication due to mental health issues related to the fibroid, bleeding, hernia, and stomach issues

- 09/2020 - Office visit for excessive uterine bleeding, pain in uterus, stomach, and colon; Cop-out asking for medications prescribed by Dr. Autery on 7/2020

- 12/2020 - 1st Fecal Occult test - no results given

- 04/2021 - Office visit for excessive bleeding and vaginal/uterine prolapse

- 05/2021 - 2nd Fecal Occult Test which was Positive for Blood in Colon [Plaintiff has family history of Colon Cancer]

- 06/2021 - Consult with Dr. Li regarding possible surgery for fibroid, hernia, and prolapse and specialized dietary needs

.

Dr. Li treated Plaintiff for approximately 2.5 years at the SPC Aliceville. During that time, he did not provide any medications to help with the bleeding. He did not address the hernia caused by the fibroid pushing on Plaintiff's abdomen; he did not address the vaginal/uterine prolapse caused by the size and weight of the fibroid; he did not address the stomach and digestion issues caused by the uterus pressing on the stomach and colon; he interfered the medical treatment, including diagnostic tests and surgery, recommended from Dr. Autery; he refused to allow Plaintiff medications prescribed by Dr. Autery to control bleeding and shrink fibroid; he never performed a pap exam or biopsy on the fibroid. Aliceville was unwilling to provide a special diet.

Based on all of the numerous medical appointments, the outside recommendations of Dr. Autery, the growth of the fibroid shown by ultrasounds, Dr. Li was well aware of Plaintiff's pain and suffering. He was also aware that she was experience pain in her abdomen, uterus, and colon, as well as excessive bleeding from her uterus and colon. As of this date, Plaintiff has not even had a colonoscopy to rule of Colon Cancer (for which she has a family history).

III. Jim Williamson, CRNP, SCP Aliceville

- 2/2019 - Office visit for fever, intense pain in abdomen and hernia
- 7/2019 - Annual Review for medications and review history
- 9/2019 - Office visit for heavy bleeding, pain, and discuss protrusion in lower abdomen

Mr. Williamson offered no medical treatment for Plaintiff's medical issues.

IV. Shanquail Horton, CRNP, SPC Aliceville

- 11/2019 - Office visit to discuss pap exam, biopsy of fibroid, and ultrasound due to excessive bleeding and pain. [Ultrasound was performed showing fibroid was not 21 cm] No other treatment was performed.

Ms. Horton offered no follow-up treatment after the ultrasound was performed.

V. Shelli Hunter, CRNP, SPC Aliceville

- 2/2021 - Office visit to discuss uterine swelling and prescribed medications (Dr. Autery 7/2020) and possible Colon Cancer symptoms. Also discussed possible vaginal prolapse.

Ms. Hunter offered no medical treatment.

---

VI. Sharon Bailey, RN, FCI/SPC Aliceville

- 9/2017 - Annual review

- 8/2018 - Annual Review

- 8/2019 - Annual Review

- 5/2020 - Cop-Out: Needed extra sheets and laundry service due to heavy bleeding during lock-down; also need more hygiene supplies

- 6/2020 - Cop-Out: Needed "bottom bunk pass" due to size of fibroid and pain [Bailey denied request]

- 6/2020 - Visit [during COVID-19 lockdown] requesting mental health treatment

- 8/2020 - Cop-Out: Ask for results of medical trip to see Dr. Autery [none given]

- 9/2020 - Cop-Out: Requested the status of medications prescribed by outside Dr. Autery to reduce bleeding and size of fibroid [no reply]

- 12/2020 - Sick Call for excessive uterine and colon bleeding, pain in uterus and abdomen; given 1st Fecal Occult Test; also discussed digestive issues

.

Ms. Bailey was the only provider that treated Plaintiff for the entire 58 months at Aliceville. She never once provided any care to Plaintiff, even to the point of denying her a "bottom bunk pass" so that she would not have to climb approximately 6 feet to sleep each night or ordering her a special diet due to digestive issues caused by the fibroid.

Ms. Bailey also made several entries into Plaintiff's medical file stating that Plaintiff "denied medical treatment on several occasions." However, Plaintiff was NEVER provided any medical care for her uterus, therefore, could not have denied any treatment.

Additionally, falsifying federal medical records is a criminal federal offense.

.

.

VII. Patricia Bradley, Warden, FCI Aliceville (2016 - 2020)

- 12/2019 - Plaintiff filed an Administrative Remedy form 9 with Ms. Bradley, asking for medical care for the fibroid. Along with the form, she was provided medical records. [Received NO response]

- 2/2020 - Plaintiff filed a Compassionate Release asking for Release from Custody in order to obtain her needed medical care. [Received NO response]

.

Warden Bradley was aware of Plaintiff's lack of medical care as well as her pain and suffering while in

custody of the FBoP. She never even acknowledged Plaintiff's Form 9 or Compassionate Release. Warden Bradley never followed up with the medical department to discover why Plaintiff was being denied care.

VIII. Chad Garrett, Warden, FCI Aliceville (2020 - 2021)

- 6/2020 - Responded to Plaintiff's Form 9 (see above) and claimed that she was to receive medical care for her tumor [Plaintiff was sent to see outside non-FBop Dr. Autery on 7/09/2020]

- 12/2020 - Plaintiff filed a Compassionate Release asking for Release from Custody due to the FBoP's deliberate lack of medical care so that Plaintiff could obtain needed medical care. [ Received NO response]

- 7/2021 - Plaintiff's outside attorney sent Warden Garrett as letter, detailing Plaintiff's health issues and asking for a Compassionate Release or Home Confinement under the CARES Act. [Received NO response]

Warden Garrett was aware of Plaintiff's lack of medical care as well as her pain in suffering at Aliceville. He stated that she was to receive medical treatment on his reply to her Form 9, however, Plaintiff was never treated, only diagnosed. He also never replied to the Compassionate Release request nor Plaintiff's attorney.

---

FROM: 31860001
TO:
SUBJECT: Page 2
DATE: 01/13/2023 06:10:47 PM

.

.

.

IX. William Lothrop, Southeast Regional Director for the FBoP, Atlanta, GA

- 7/2020 - Received Administrative Remedy Form 10. Responded approximately 120 days after the 30-day deadline. His reply stated that Plaintiff had seen outside Dr. Autery on 7/09/2020 and received medical care [Plaintiff NEVER received medical treatment, only recommendations].

- 7/2020 - Plaintiff filed Tort Claim asking for monetary damages for the lack of medical care over a period of almost 6 years in federal custody. [NO reply received]

Mr. Lothrop had access to Plaintiff's FBoP medical records and did not address Plaintiff's issues nor offered any medical treatment.

.

X. Ian Connors, Administrator Office of the General Counsel, Washington, DC

9/2020 - Received Administrative Form 11 requesting medical attention or release from custody, [NO response received.

Mr. Connors ignored Plaintiff's request.

.

XI. Kendes Archer, MD - FBoP located at FPC Marianna (2021 - present)

- 11/2021 - Reviewed FBoP medical records, discussed the fibroid. Plaintiff was told that he "would not order an ultrasound because the BoP would not approve any treatment anyway."

Dr. Archer has seen Plaintiff for more than 10 months and she has not received any medical care for the fibroid. Now, the fibroid has caused a hernia in the lower left pelvic area, a vaginal prolapse, and has caused issues with her colon.

.

XII. Annette Caldwell, Nurse Practitioner at FPC Marianna (2021 - present)

- 10/2021 - During intake visit, discussed health problems, including the fibroid, and also drug allergies. Plaintiff also discussed the positive fecal occult test at Aliceville and her family history of colon cancer.

- 3/2022 - Sick call related to severe abdominal cramping, heavy mucus and bloody discharge from colon.

** 4/2022 - Outside doctor visit to Chipola Surgical (Gastroenterologists). [Verbally recommended colonoscopy, MRI, EGD, and ultrasounds on the fibroid and the hernia]

- 6/2022 - Sick call for pain and bleeding vaginally and rectally; fever and chills.
- 7/2022 - Sick call for pain in abdomen, hernia, rectum and vaginal prolapse.

Nurse Caldwell has seen Plaintiff for more than 10 months and has requested several diagnostic tests, which have not been performed. However, she has not actually provided any treatment for Plaintiff's medical issues, especially in light of Plaintiff's family history of colon cancer.

XIII. Kevin Pietro, Warden at FCI/FPC Marianna

- 7/2020 - Plaintiff request a Compassionate Release due to her medical issues and lack of treatment for more than 7 years.

Mr. Pistro had access to Plaintiff's medical history and never responded to her request.