# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| TERRI MCGUIRE-MOLLICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:20-cv-01768-SGC |
| ) | |
| RICHARD GRIFFIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER[1]

The plaintiff, Terri McGuire-Mollica, filed a *pro se* complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680, alleging violations of her rights under the Constitution or laws of the United States. (Doc. 1). On June 3, 2022, the undersigned entered a report recommending the court (1) permit McGuire-Mollica's Eighth Amendment claim to proceed, provided she filed an amended complaint, and (2) dismiss all other claims asserted in this action, including her FTCA claims, under 28 U.S.C. § 1915A(b). (Doc. 13). That report and recommendation was adopted on August 5, 2022. (Doc. 17). Now, McGuire-Mollica seeks to amend her complaint to include newly-filed FTCA claims related to the facts alleged in this lawsuit. (Doc. 31). The court, however, has not located any authority which would permit

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 36).

amendment in this situation.

The FTCA is "a specific, congressional exception to the United States' sovereign immunity for tort claims." *Turner ex rel. Turner v. U.S.,* 514 F.3d 1194, 1200 (11th Cir. 2008) (internal citations and quotation marks omitted). This waiver is "scrupulously observed, and not expanded, by the courts." *Id.* A plaintiff must exhaust her administrative remedies before filing an FCTA claim for money damages; otherwise, the district court lacks jurisdiction over her lawsuit. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993); *Turner*, 514 F.3d at 1200. Tort claims against the United States must be filed with the appropriate agency "within two years after such claim accrues" and in federal court "within six months after" the agency's final decision on the claim. 28 U.S.C. § 2401(b). If the relevant agency does not make a final disposition of the claim within six months of its filing, it may be deemed a final denial. *See* 28 U.S.C. § 2675(a). "This procedure is jurisdictional and cannot be waived." *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984) (*abrogated on other grounds by Finley v. U.S.*, 490 U.S. 545 (1989)) (emphasis added).

Here, McGuire-Mollica filed her first administrative claim with the Federal Bureau of Prisons on July 28, 2020, and she filed her original complaint with this court less than four months later, on November 9, 2020, before receiving a denial. (Doc. 17 at 2). The Eleventh Circuit's decision in *O'Brien v. United States*, 137 F.

2

App'x 295 (11th Cir. 2005) required this court to dismiss the FTCA claim for lack of subject matter jurisdiction. (Doc. 17).

Some courts have permitted a plaintiff to amend her complaint to include a FTCA claim where the original complaint did not name the United States as a party or include claims which could be construed as arising under the FTCA. *See, e.g., Michel v. Fed. Bur. Prisons*, 2017 WL 7680337 (N.D. Ala. 2017). Here, however, McGuire-Mollica's original complaint specifically included an FTCA claim, and so permitting amendment under these circumstances would render the exhaustion requirement meaningless. Moreover, unlike the affirmative defense of expiration of the statute of limitations, the United States cannot waive the exhaustion requirement because it implicates subject matter jurisdiction. *See Lykins*, 725 F.2d at 646.

Accordingly, McGuire-Mollica's motion to amend is **DENIED**. (Doc. 31). The defendants are **ORDERED** to respond to the court's October 3, 2022 Order for Special Report (Doc. 24) on or before October 9, 2023.

**DONE** this 8th day of September, 2023.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE