IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

TERRI MCGUIRE-MOLLICA,

      Plaintiff,

v.

RICHARD GRIFFIN, *et al*.,

      Defendants.

CIVIL ACTION NO.
7:20-cv-01768-SGC

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Richard Griffin, M.D., Xinyu Li, M.D., and Sharon Bailey, R.N., submit this reply in support of their motion to dismiss.

## I.    Plaintiff Did Not Exhaust Her Administrative Remedies.

In her response, Plaintiff states she exhausted her administrative remedies because she appealed administrative remedy request 1000103, which requested gynecological treatment and a hysterectomy, if necessary, to the General Counsel by placing a copy of the BP-11 form in the FCI Aliceville mailbox on October 1, 2020.  McGuire-Mollica Decl. ¶ 3, ECF No. 52 at 20; Compl. Ex. F-4, BP-11 Form, ECF No. 1 at 43.

As set out in the motion to dismiss, there is a two-step inquiry to decide whether an inmate failed to exhaust administrative remedies.  *Abram*, 848 F. App'x

1

at 870 (citing *Turner v. Burnside*, 541 F.3d 1077, 1081-82 (11th Cir. 2008)). District courts first should compare the factual allegations in the motion to dismiss and those in the prisoner's response and, where there is a conflict, accept the prisoner's view of the facts as true. *Id.* "'The court should dismiss if the facts as stated by the prisoner show a failure to exhaust.'" *Id.* (quoting *Turner*, 541 F.3d at 1081-82). Accepting Plaintiff's facts as true, *i.e.*, that a BP-11 was submitted to the General Counsel on October 1, 2020, Plaintiff failed to exhaust her administrative remedies she did not wait the required amount of time before bringing this suit.

Bureau of Prisons' regulations provide that the General Counsel has "40 calendar days" to respond to an administrative remedy request from the date it "is logged into the Administrative Remedy Index." 28 C.F.R. § 542.18. If that amount of time is insufficient, the General Counsel may extend the response deadline by "20 days." *Id.* An inmate may treat an administrative remedy request as denied if the inmate "does not receive a response within the time allotted for reply, including extension." *Id.*

An inmate does not exhaust her administrative remedies until she has gone *through* the entire administrative appeals process. *Irwin v. Hawk*, 40 F.3d 347, 349 (11th Cir. 1994) ("An inmate has not fully exhausted his administrative remedies until he has appealed *through* all three levels.") (emphasis added). This means an

inmate must receive a response from the General Counsel or wait long enough to treat the lack of a response as a denial to fully exhaust her administrative remedies. *Mitchem v. Warden, FCC Coleman - Low*, No. 5:22-CV-449-WFJ-PRL, 2023 WL 2914576, at *1 (M.D. Fla. Apr. 12, 2023) ("Only upon receiving a denial from the BOP's Office of General Counsel are an inmate's administrative remedies considered exhausted.").  Assuming *arguendo*, Plaintiff's BP-11 to the General Counsel was logged into the administrative remedy index on October 1, 2020,[1] which is the date it was signed, Compl. Ex. F-4, BP-11 Form, ECF No. 1 at 43, Plaintiff would need to wait 60 days without receiving a response (until November 30, 2020) before she could treat her administrative remedy request as denied.  *See* 28 C.F.R. § 542.18.

When Plaintiff filed this action, she had not gone *through* the full administrative remedy process.  Plaintiff's Complaint was filed on November 9, 2020, which is 39 days after Plaintiff signed the BP-11 to the General Counsel. Compl. 1, ECF No. 1.[2]  To fully exhaust, Plaintiff was required to follow all the procedures set out by the BOP.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the

---

[1] The factual record shows that Plaintiff's BP-11 for administrative remedy request 1000103 was never logged in the administrative remedy index, which is called Sentry.  Special Report Ex. B, ECF No. 47-3; Ex. C ¶¶7-8, ECF No. 47-4.

[2] The Complaint's certificate of service states that Plaintiff placed the complaint in the FCI Aliceville mailbox on October 27, 2020.  Compl. 14, ECF No. 1.

agency holds out, and doing so properly (so that the agency addresses the issues on the merits).") (quotations omitted).  Moreover, Plaintiff was required to exhaust these procedures prior to bringing suit.  *Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021) ("The Prison Litigation Reform Act ('PLRA') requires prisoners to exhaust all available administrative remedies before bringing a Bivens claim."). Even accepting Plaintiff's statement regarding submitting a BP-11 to the General Counsel as true, Plaintiff failed to fully exhaust her administrative remedies before bringing the present action.  Accordingly, her claims are due to be dismissed without prejudice.

PRIM F. ESCALONA
UNITED STATES ATTORNEY

/s/ Don B. Long III
Don B. Long III
Assistant U.S. Attorney
U.S. Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2001
(205) 244-2181 (fax)

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing has been served upon the Respondent, by mailing a copy of the same by first class certified United States mail, postage prepaid, on December __, 2023, addressed as follows:

> Terri McGuire-Mollica
> 31860-001
> Marianna Federal Correctional Institution
> Inmate Mail/Parcels P.O. Box 7007
> Marianna, FL 32447

> **/s/Don B. Long III**
> DON B. LONG III
> Assistant United States Attorney