TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

-----

FROM: 31860001
TO:
SUBJECT: Opposition
DATE: 12/10/2023 06:58:00 PM

UNITED STATES OF AMERICA
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

TERRI MCGUIRE-MOLLICA,
          Plaintiff

v.                                                                  Case No. 7:20-cv-1768-SGC

RICHARD GRIFFIN, et al

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S "MOTION FOR LEAVE TO FILE REPLY"

COMES NOW, Terri McGuire-Mollica, pro se litigant, unskilled and unschooled in the law, asking this Honorable Court to DENY Defendants' motion titled "Motion for Leave to File Reply" and its related "Reply in Support of Motion to Dismiss."

The Defendants' have come once again to the Court seeking special treatment. Defendants' call this a "Motion for Leave to Reply," when in actuality it is a response to Plaintiff's Motion (Doc 52) Opposing Defendants' Special Report and Motions to Dismiss and for Summary Judgment, filed with the Court on 11/16/2023.

In this second motion for summary judgment, Defendants' attempt to add another issue in order to obtain summary judgment, even though they have already taken the opportunity to respond to Plaintiff's original motion. Defendants' give no authority or citations that allow an additional motion to be filed after the initial 30-days to respond has expired, when in fact they have filed a response.

Federal Rule of Civil Procedure 6

There are times when a court may allow a late filing, such as when FOR CAUSE SHOWN a party that has NOT filed within the deadline period may ask for leave to file after the expiration of the deadline. The court may, in its discretion, permit THAT ACT TO BE DONE, where the failure to act was the result of EXCUSABLE NEGLECT.

Per Fed R Civ P 6(b)(B), whereby these rules apply, when an act must be done within a specific time, the court

may, FOR GOOD CAUSE, extend the time:

 (B) on motion made AFTER the time expired if the party FAILED TO ACT because of EXCUSABLE NEGLECT.

Rule 6 for extending filing times, applies to motion not already filed within the specified period. Defendants' filed their motions for special report, summary judgment, and to dismiss, albeit 9 days late, in October 2023.

As the Defendants' have already filed their special report, etc., there is no authority or statutory law that gives Defendants' a second chance to respond to Plaintiff's motions.

II. Good Cause / Excusable Neglect

If Defendants' had not already filed a response to the original Biven's Claim, under some circumstances, the Court can consider for excusable neglect to allow a party file after the expiration of the time limit, as required by Fed R Civ P 6. However, the Court must first apply a four-factor test, which evaluates: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its protentional impact; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. (Pioneer Inv Servs Co. v. Brunswick Assoc Ltd P'ship, 507 U.S. 380, 395, 113 S Ct 1489, 123 L Ed 2d 74 (1993)).

Further, "the Court does not abuse its discretion by refusing to accept an out-of-time filing when there is no affirmative showing of excusable neglect under Fed R Civ P 6(b)." (Mosley v. MeriStar Mgmt Co LLC, 137 F. Appx 248, 250 (11th Cir 2005))

Even if there were authority to allow this motion, Defendants' point to no excusable neglect. The information used in this motion has been available since November 2020, when Plaintiff's original Biven's motion was filed. Simply choosing not to ready the motion or review the attachments that have been available for 3 years and been assigned to Defendants' for more than 1 year is not excusable neglect. Regardless of whether Defendants' acted in good faith, refusing to simply read the original motion is not neglect. This neglect was entirely under the control of the Defendants. Additionally, this will prejudice the Plaintiff as her records related to the filings were mandated by the BoP to be sent to out-of-sate storage due to COVID and BoP-transfers during this 3-year period.

III. Extensions

- On 10/03/2022, this Court ordered the Defendants' to respond to Plaintiff's original motion with a special report. Defendants' ignored this order.

- On 12/08/2022, this Court ordered Defendants to show cause in 40 days (Doc 25).

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A
--------------------------------------------------------------------------------

- Defendants' asked for a 60-day extension to 2/07/2023 (Doc 27).

- On 2/07/2023, Defendants' asked for a 28-day extension (Doc 35). Defendants' did not file anything on 3/08/2023.

- From 4/08 - 8/18/2023, Plaintiff and Defendants attempted a mediation.

- Once again, on 9/08/2023, the Court ordered Defendants' to respond to original motion within 30-days (Doc 43).

- Defendants' report was filed on 10/19/2023, after stalling the court with an unnecessary motion to file medical records under seal. (They are all filed under seal without special permission.)

Due to not receiving her mail on time from Defendant's' (they continue to send it the FCI rather than the camp) Plaintiff did not receive Defendants'' reports until 10/30/2023. She asked this Court for a 14-day extension, and was only granted a 7-day extension, to keep her at the 21-day reply requirement per the Fed R Civ P.

It would be unreasonable to give Defendants' any more extensions of time, due to the fact they have already had at least 160-days worth of extensions, while denying Plaintiff seven additional days to file her response.

IV.     Administrative Remedies

Finally, Defendants' seem to misapprehend the whole administrative remedy process. The exhaustion requirement of the PLRA is interpreted in the light of its purpose, which includes the goal of giving officials "time and opportunity to address complaints internally." (Porter v. Nussle, 534 U.S. 516, 525 122 S.Ct. 983, L Ed 12 (2002))

Defendants' have focused entirely on one remedy ("1000103") when in fact Plaintiff had filed many administrative remedy requests seeking medical attention including 1033708 and 1040016. Defendants' also received information from Central Office related to other remedies files. (Doc 47) Additionally, Plaintiff filed copies of her initial Compassionate Release request with Warden Patricia Bradley (the "9"); William Lothrop SE Regional Dir Atlanta GA (the "10") and Ian Connors Admin Officer Washington DC (the "11") during the COVID-19 lockdown at FCI Aliceville from 2/2020 - 9/2020, as shown in the original documents filed. The Compassionate Release states the Plaintiff would like released to home confinement or in the alternative, be provided with medical care.

Defendants' have shown no authority, citations, or pleading requirements that the Plaintiff must file administrative remedy "forms" or that they have to be the same "number." They have erroneously focused only this one remedy., when several exist. Inmates only have to file remedies available to them at the time, which during a 7-month lockdown did not include the actual forms and all documents had to mailed out of the prison to be copied and mailed from a different location. While the PLRA requires prisoners exhaust "such administrative remedies as available, "nothing in the statues imposes specific proforma requirements." (Jones v. Bock, 549 U.S. 199, 218,

Case 7:20-cv-01768-SGC   Document 54   Filed 12/13/23   Page 4 of 6

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A
----------------------------------------------------------------------------

127 S.Ct. 166 L Ed 2d 798 (2002))

In their previously filed motion for summary judgment, Defendants' stated the case should be dismissed because Plaintiff had not filed Administrative Remedy 11 for #1000103. Plaintiff responded with the document number of that form, which should have been the end of the request.

Conclusion

Defendants' have asked for another chance to attack Plaintiff's original Biven's motion, after already filing their Motions for Summary Judgement and to Dismiss. Defendants' have provided no "excusable neglect" or offered any authority or citations that support the Court allowing a second summary judgment to be filed. Defendants' once again try to discredit the "administrative remedy" procedures without an understanding of it. They provide no authority or citations to explain why the process was not exhausted, only that one particular form was not entered into Sentry correctly, when in fact many forms were in Sentry to support the motion, as well as having a copy of Plaintiff's first Compassionate Release that was sent to all required departments. In addition, allowing Defendants' motion to go forward will unduly prejudice Plaintiff because, due to the 3-year period that has passed since the original filing, Plaintiff has had to send all relevant documents off-site per BoP policy, due to complications from COVID and BoP transfers. Having to retrieve those documents at this time would cause additional delays in this case and Plaintiff's health has deteriorated considerably since the filing of the Motion in 2020.

As a result, Plaintiff asked that this Honorable Court DENY these motions from the Defendants.

Respectfully submitted, this the 10th day of December 2023.

*Terri McDuire Mollica*

Terri McGuire-Mollica
Reg No. 31860-001
c/o FPC Marianna
P.O. Box 7006
Marianna, FL 32447

TRULINCS 31860001 - MOLLICA, TERRI MCGUIRE - Unit: MNA-X-A

---

FROM: 31860001
TO:
SUBJECT: Cert of Service BHAM
DATE: 12/10/2023 07:00:55 PM

CERTIFICATE OF SERVICE

I, Terri McGuire-Mullica, certify under penalty of perjury that a true and correct copy of the MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY was served on the U.S. District Court in Birmingham, AL, via first-class prepaid U.S. Mail by placing it in the FPC Marianna Prison Mailbox System, on this the 10th day of December 2023.

Terri McGuire-Mollica
Reg No. 31860-001

Mollica #31860-001
Federal Prison Camp
P.O. Box 7006
Marianna FL 32447

PENSACOLA FL 325
11 DEC 2023 PM 2 L

SECURITY
DEC 18 '23
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

U.S. District Court
1729 5th Avenue North
Birmingham AL 35203-2037

35203-203799