FILED

2024 Mar-08  AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

TERRI MCGUIRE-MOLLICA,     )
                              )
     Plaintiff,           )
                              )
v.                         )     Case No. 7:20-cv-01768-SGC
                              )
RICHARD GRIFFIN, *et al.*,     )
                              )
     Defendants.        )

## MEMORANDUM OPINION[1]

The plaintiff, Terri McGuire-Mollica, filed a *pro se* amended complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging a violation of her Eighth Amendment rights under the Constitution of the United States. (Doc. 18).[2] The defendants, Richard Griffin, Xinyu Li, and Sharon Bailey, have filed a Special Report which includes both a motion to dismiss the complaint for failure to exhaust administrative remedies and a motion for summary judgment. (Doc. 47). For the reasons set forth below, the defendants' motion to dismiss will be granted, and their motion for summary judgment will be denied as moot.

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 36).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

**I. Facts**

McGuire-Mollica was incarcerated at Federal Correctional Institution-Aliceville ("FCI-Aliceville") when the alleged events of this action occurred. (Doc. 1 at 2). She now resides at Federal Correctional Institution-Marianna. (Doc. 10).

In her amended complaint, McGuire-Mollica asserts she was diagnosed in October 2016 with a 6cm uterine fibroid, which "outside physician" Dr. Cox recommended be removed laparoscopically. (Doc. 18 at 8). The defendants were aware of this condition and Dr. Cox's surgical recommendation, but they refused to treat McGuire-Mollica's bleeding and pain and ignored and/or interfered with Dr. Cox's recommendation. (*Id.*). The fibroid was not removed, and by July 2020, it had grown to 21cm and weighed between 15 and 20 pounds. (*Id.*). Now, McGuire-Mollica's uterus must be removed in an invasive surgery. (*Id.*). The delay in and/or refusal to provide treatment caused chronic anemia, heavy uterine bleeding, vaginal prolapse, a hernia, colon/rectal bleeding, anxiety, and depression. (*Id.* at 9). In addition, Bailey falsified multiple entries to McGuire-Mollica's medical file indicating McGuire-Mollica refused medical treatment on several occasions. (*Id.* at 5).

McGuire-Mollica submitted two administrative remedy requests related to the medical care at issue in this action. (Doc. 47-4 at 2). In administrative remedy request number 1000103, she filed with FCI-Aliceville an informal resolution request, dated

2

October 31, 2019, asking to see an outside specialist or surgeon after FCI-Aliceville staff diagnosed her with a tumor in her uterus and cysts on her right ovary. (Doc. 47-2 at 9). She was scheduled to see a provider. (*Id.*). On December 4, 2019, she filed a formal request for administrative remedy, again asking to be seen by an outside specialist or surgeon. (*Id.* at 6). FCI-Aliceville responded to her request on June 23, 2020. (*Id.* at 7). On June 26, 2020, McGuire-Mollica appealed to the Regional Office, which responded on December 21, 2020. (*Id.* at 3-5). According to the defendants, McGuire-Mollica did not appeal the response from the Regional Office to the Federal Bureau of Prisons ("BOP") General Counsel level (sometimes also referred to as the "Central Office"); the BOP's records do not contain an entry for an appeal to the General Counsel.[3] (Doc. 47-4 at 2). McGuire-Mollica, however, asserts she mailed her General Counsel appeal for this grievance on October 1, 2020, the day she signed it. (Doc. 52 at 6, 20; *see also* Doc. 1 at 43). She also asserts her General Counsel appeal was deemed denied because she did not receive a timely reply. (Doc. 52-6).

In administrative remedy request number 1033708, McGuire-Mollica filed

---

[3] The defendants explain that in the SENTRY system, the database used by the BOP to track administrative remedy requests, a Remedy ID is assigned to each initial filing form. (Doc. 47-4 at 2). A Remedy ID has two parts. (*Id.*). The first is the six or seven-digit number, and the second is an F1, R1, or A1 added to the end of the Remedy ID number. (*Id.*). F1 designates the request made at the facility (BP-9) level; R1 designates the request made at the regional (BP-10) level; A1 designates the Central Office/General Counsel (BP-11) level. (*Id.*). An F2, F3, etc., indicates an inmate's second, third, etc., attempt at complying with the requirements at a given level. (*Id.*).

with FCI-Aliceville an informal resolution request, dated June 18, 2020, in which she requested to see a gynecologist who specialized in transabdominal mesh surgeries to determine a course of treatment. (Doc. 47-5 at 2). On July 2, 2020, she filed a formal request with FCI-Aliceville in which she requested home confinement. (*Id.* at 3). This request was rejected on July 17, 2020, because it raised more than one issue, and McGuire-Mollica was instructed to file separate requests for each issue. (*Id.* at 1). The SENTRY system contains no further entries related to this request, and McGuire-Mollica does not address this request in her filings.

## II. Procedural History

McGuire-Mollica initiated this action by filing a complaint on October 27, 2020.[4] (Doc. 1). She initially named as defendants the BOP, the United States of America, Patricia V. Bradley, Chad Garrett, Administrator Shoulders, Case Manager Medley, and unidentified mail room staff and medical/healthcare staff at FCI-Aliceville. (*Id.*). She sought money damages for the defendants' alleged negligence and deliberate indifference to her serious medical needs because (1) she was not properly treated for a uterine cyst, and (2) the defendants failed to follow CDC

---

[4] Pursuant to the "prison mailbox rule," a *pro se* prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date it is executed. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). McGuire-Mollica executed her complaint on October 27, 2020. (Doc. 1 at 14). Therefore, while the docket sheet indicates the complaint was filed on November 9, 2020, it is deemed filed on October 27, 2020.

guidelines to mitigate the spread of COVID-19 at FCI-Aliceville. (*Id.*). She also asserted FCI-Aliceville staff denied her access to her legal mail, thus denying her access to the courts and preventing her from receiving a copy of her medical records. (*Id.*).

After reviewing the complaint under 28 U.S.C. § 1915(A), in June 2022, the undersigned recommended the court (1) allow McGuire-Mollica's Eighth Amendment claim relating to the uterine cyst to proceed, provided she filed an amended complaint and (2) dismiss without prejudice all remaining claims and defendants, including claims brought under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680. (Doc. 13). McGuire-Mollica objected to the Report and Recommendation and included in that objection a proposed amended complaint. (Doc. 16). The report and recommendation was adopted in August 2020, and the court directed that McGuire-Mollica's amended complaint be filed as a standalone document. (Doc. 17).

Later that month, the undersigned recommended the court dismiss without prejudice all defendants except Griffin, Li, and Bailey. (Doc. 19). McGuire-Mollica did not file an objection to this Report and Recommendation, and on September 23, 2022, the court adopted the report, accepted the recommendation, and referred McGuire-Mollica's Eighth Amendment deliberate indifference claim to the undersigned for further proceedings. (Doc. 23).

In October 2022, the defendants were ordered to appear and file a Special Report addressing McGuire-Mollica's factual allegations. (Doc. 24). The defendants were advised that, if appropriate, their Special Report would be considered as a motion for summary judgment under Rule 56 of the *Federal Rules of Civil Procedure*. (*Id.* at 7).

The defendants sought, and were granted, numerous requests to extend their deadline to file their Special Report. (Docs. 26-30). In February 2023, McGuire-Mollica sought leave to amend her complaint to include newly filed FTCA claims related to the allegations in this action. (Doc. 31). In April 2023, after the undersigned held a telephone conference to explain the consent process, the parties were ordered to enter an election regarding the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c), and the defendants' deadline to file their Special Report was suspended pending further order. (Doc. 35). The parties unanimously consented to magistrate judge jurisdiction, and the case was reassigned to the undersigned for full disposition. (Docs. 36-38). Because the court could locate no authority that would permit McGuire-Mollica to add her new FTCA claims to this action, her motion to amend was denied in September 2023, and the defendants were directed to file their Special Report. (Doc. 43).

The defendants filed their Special Report in October 2023. (Doc. 47). Their Special Report includes both a motion to dismiss for failure to exhaust administrative

remedies as well as a motion for summary judgment on the merits of McGuire-Mollica's claims. (Doc. 47). The court construed the defendants' Special Report as a motion for summary judgment and notified McGuire-Mollica she had 21 days to respond to the motion for summary judgment by filing affidavits or other evidence and advised her of the consequences of any default or failure to comply with Rule 56. (Doc. 49); *see also Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).

McGuire-Mollica responded to the defendants' motions in November 2023. (Doc. 52). The following month the defendants sought leave to file a reply in support of their motion to dismiss, which McGuire-Mollica opposed. (Docs. 53, 54). The court granted the defendants' motion on March 6, 2024, and the defendants filed their reply the same day. (Docs. 55, 56).

Accordingly, this matter is ripe for review.

## III. Motion to Dismiss

### A. Standard of Review

In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe them in a light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Rule 12(b)(6) must be considered against the backdrop of Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

A plaintiff's failure to exhaust her remedies, however, is "treated as a matter in abatement and not an adjudication on the merits," and a district court may consider facts outside the pleadings "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *See Shivers v.*

*United States*, 1 F.4th 924, 935 (11th Cir. 2021) (internal quotations omitted). A court deciding a motion to dismiss for failure to exhaust engages in a two-step process. *See id.* First, the court evaluates the factual allegations in the complaint and motion to dismiss and, if they conflict, accepts the plaintiff's allegations as true. *Id.* If the defendants are entitled to dismissal when taking the plaintiff's allegations as true, the court should dismiss the action for failure to exhaust administrative remedies. *Id.* Second, if the complaint would not be subject to dismissal, the court should make specific findings to resolve the disputed facts related to exhaustion. *Id.*

## B. Analysis

The defendants argue this action should be dismissed because McGuire-Mollica did not fully exhaust her administrative remedies before filing her complaint. (Doc. 47 at 2). The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all administrative remedies before bringing a lawsuit under any federal law. 42 U.S.C. § 1997e(a); *see also Shivers*, 1 F.4th at 935. A plaintiff must complete the following four-step process to exhaust her administrative remedies with the BOP: (1) she must attempt to informally resolve her complaint with prison staff; (2) if unsatisfied, she must submit a Request for Administrative Remedy to the Warden by filing a Form BP-9; (3) if unsatisfied, she must appeal to the Regional Director using Form BP-10; and (4) if unsatisfied, she must appeal to the General Counsel through Form BP-11. *See* 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a).

In *Shivers*, the Eleventh Circuit considered whether the plaintiff properly exhausted his remedies under the PLRA. 1 F.4th at 935. The parties agreed that Shivers properly completed the first three steps of the process by submitting forms BP-8, BP-9, and BP-10. Shivers argued he properly submitted Form BP-11, thereby completing the administrative process, but the Government claimed it never received the form. In support of its motion to dismiss Shivers's *Bivens* claim for failure to exhaust, the Government included a copy of the BOP's SENTRY database that reflected the General Counsel never received Shivers's BP-11 form. In response, Shivers submitted declarations from himself and another inmate, Reid. Those declarations stated (1) Reid helped Shivers prepare the BP-11 form to be mailed to the General Counsel; (2) Shivers provided Reid with a signed and dated copy of the form; and (3) Shivers told Reid he handed a stamped envelope with the original form to the prison's institutional mail officer. Shivers also submitted an unsigned copy of his BP-11 form, claiming it was a "true and correct copy" of the one submitted to the General Counsel. He further alleged he repeatedly asked prison officials about the status of his BP-11 appeal.

The Eleventh Circuit affirmed the district court's dismissal of Shivers's *Bivens* claim for failure to exhaust. The court first rejected Shivers's argument that the district court should have allowed him to conduct discovery on the submission of his BP-11 form, finding that he submitted declarations in opposition to the motion

to dismiss and therefore had an adequate opportunity to develop the record. *Id.* at 936. Further, because Shivers had not requested an evidentiary hearing and because his claim was dismissed without prejudice, "the district court was within its discretion to 'resolve material questions of fact on submitted papers for the PLRA's exhaustion of remedies requirement.'" *Id.* (quoting *Bryant v. Rich*, 530 F.3d 1368, 1377 n.16 (11th Cir. 2008)).

The court next held the district court did not clearly err when it found Shivers failed to submit his BP-11 form. The BOP's declaration and exhibit showing no entry of a BP-11 in the SENTRY system constituted substantial evidence to support the district court's finding. *Id.* "Because an appeal 'is considered filed on the date it is logged into the Administrative Remedy Index as received,' the district court could rely on the declaration and exhibit" to support its conclusion that Shivers failed to properly exhaust his administrative remedies. *Id.* (quoting 28 C.F.R. § 542.18).

The facts in this case mirror those in *Shivers*. Here, the defendants allege McGuire-Mollica submitted two administrative remedy requests relating to the medical care at issue: request 1000103 and 1033708. They contend that in both requests McGuire-Mollica did not fully complete the administrative remedy process. While McGuire-Mollica responds that she mailed her BP-11 to the General Counsel for request 1000103, she does not address request 1033708. Accordingly, McGuire-Mollica has not demonstrated she exhausted her administrative claims with respect

to the issues raised in request 1033708, and the court will address only whether she exhausted her claims in request 1000103.

In her original complaint, McGuire-Mollica alleged she attempted to resolve her issues with the defendants by (1) filing an informal resolution form at FCI-Aliceville on October 31, 2019, (2) filing a formal grievance at FCI-Talladega on December 4, 2019, (3) appealing to the Southeast Regional Office on August 1, 2020, and (4) appealing to the General Counsel on October 1, 2020. (Doc. 1 at 37-43). She contends she did not receive a response to either her Regional or General Counsel appeal.[5] (Doc. 1 at 11).

The defendants, however, claim the BOP has no record of McGuire-Mollica submitting the final step of the administrative remedy process for claim 1000103. As in *Shivers*, they attach to their motion to dismiss a copy of the BOP's SENTRY records. (Doc. 47-3). That document reflects McGuire-Mollica filed several administrative remedy requests covering various topics, but it contains no entries reflecting the BOP received McGuire-Mollica's General Counsel appeal for claim 1000103. (*Id.* at 2-4).

Given the clear conflict between the parties' allegations, the court must accept as true McGuire-Mollica's version of events—that she mailed her final appeal to the

---

[5] As stated above, the Regional Office responded to McGuire-Mollica in December 2020, after this action was filed.

General Counsel. *See Shivers*, 1 F.4th at 935. Taken as true, the defendants are not entitled to have the complaint dismissed at this first step, and the court must make specific findings to resolve the disputed factual issues related to exhaustion. Because the parties have had an opportunity to develop the record, the court may consider the affidavit submitted by the defendants. *See Shivers*, 1 F.4th at 935.

McGuire-Mollica argues that once she deposited her Form 11 into the prison mailbox, the General Counsel was deemed served under the Prison Mailbox Rule. (Doc. 52 at 6). Therefore, she claims, the General Counsel was served whether or not the form was actually mailed by FCI-Aliceville authorities or received by the General Counsel. (*Id.* at 6, 20). The Prison Mailbox Rule is a doctrine that applies to the filing dates of inmates' <u>court</u> filings. *See Houston*, 487 U.S. 266. The court is unaware of, and McGuire-Mollica has not cited, any cases extending the doctrine to the administrative remedy process. To the contrary, courts "have consistently found that the prison mailbox rule does not apply to the filing deadlines in the BOP's grievance procedure." *Tucker v. Jones*, No. 2:17-CV-133, 2018 WL 3557462, at *5 (S.D. Ga. July 24, 2018) (collecting cases), *report and recommendation adopted*, No. 2:17-CV-133, 2018 WL 4688721 (S.D. Ga. Sept. 28, 2018).

The governing regulation specifies that a request or appeal is "considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18; *see also Shivers*, 1 F.4th at 936. Based on the evidence in the record, the

court concludes that although McGuire-Mollica properly completed and mailed her final appeal, it was never "logged into the Administrative Remedy Index as received." Because her appeal was never received and logged into the Administrative Remedy Index, it was never considered "filed."

Further, as the defendants argue, the General Counsel has 40 calendar days to respond to an administrative remedy request starting from the day it is logged into the Administrative Remedy Index.[6] 28 C.F.R. § 542.18. That deadline can be extended by 20 days if necessary. *Id.* If an inmate "does not receive a response within the time allotted for reply, including extension," she may treat her request as denied at that level. *See id.* An inmate's administrative remedies are not exhausted until the entire administrative appeal process is completed. *See Irwin v. Hawk*, 40 F.3d 347, 349 (11th Cir. 1994). An inmate must either receive a response from the General Counsel or wait long enough to treat the lack of a response as a denial before she will be considered to have exhausted her administrative remedies. *See Mitchem v. Warden, FCC Coleman - Low*, No. 5:22-CV-449-WFJ-PRL, 2023 WL 2914576 (M.D. Fla. Apr. 12, 2023) ("Only upon receiving a denial from the BOP's Office of General Counsel are an inmate's administrative remedies considered exhausted.")

Even if McGuire-Mollica's BP-11 was logged into the SENTRY system on

---

[6] The Warden has 20 calendar days to respond, and the Regional Director has 30 calendar days to respond. 28 C.F.R. § 542.18. The Warden may extend the time for response once by 20 days, and the Regional Director may extend the time for response once by 30 days. *Id.*

October 1, 2020, the date the form was signed, the General Counsel's response would not have been due until, at the earliest, 40 days later on November 10, 2020, or, with the additional 20-day extension, November 30, 2020. McGuire-Mollica, however, filed this action on October 27, 2020, just 26 days after mailing her BP-11. (*See* Doc. 1). Accordingly, when McGuire-Mollica filed her complaint, the General Counsel's time to respond had not expired, and the administrative remedy process had not been completed. Therefore, McGuire-Mollica did not fully exhaust her administrative remedies before filing suit, and her claims against the defendants are due to be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). *See Shivers*, 1 F.4th at 936. Because the defendants' motion to dismiss is due to be granted, it is unnecessary to consider their motion for summary judgment, and it will be denied as moot.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss will be granted, and their motion for summary judgment will be denied as moot. (Doc. 47). A separate order will be entered.

**DONE** this 8th day of March, 2024.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE